UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ASHLEY ADAMS, et al. | § | |
| PLAINTIFFS | § | |
| | § | Civil Action No. |
| v. | § | |
| | § | 4:14-CV-03326 |
| BRAD LIVINGSTON, et al. | § | |
| DEFENDANTS | § | |

**PLAINTIFFS' EMERGENCY MOTION TO COMPEL PHOTOGRAPHS
DURING SITE INSPECTIONS**

Defendants refuse to allow Plaintiffs' counsel to take photographs of relevant portions of the prisons where inmates died of heat stroke. Inspections are presently scheduled the week of August 29, 2016, and have been scheduled specifically to allow Plaintiffs' expert, the former Director of Washington State prison system, to travel from out of town. Plaintiffs therefore, move the Court for an order to allow photography of the prisons for use at trial during the inspections.

SUMMARY OF THE MOTION

On June 22, 2016, Plaintiffs requested, by letter, to enter and inspect the TDCJ Gurney Unit in this case, as well as the Michael Unit, Hodge Unit, Garza West Unit, Pack Unit, and Huntsville Unit in the related cases.[1] The letter is attached as Exhibit 1. Plaintiffs requested the visits take place the week of August 29, 2016, because it is the

---

[1] Keith Cole *et al*. vs. Brad Livingston, *et al*, Civil Action No. 4:14-CV-1698 (S.D.Tex.); Rene Arturo Hinojosa vs Brad Livingston, *et al*, Civil Action No. 4:14-CV-3311 (S.D.Tex.); Roxanne Martone vs. Brad Livingston, *et al*, Civil Action No. 4:13-CV-3369 (S.D.Tex.); Gwen Togonidze vs. Brad Livingston, *et al*, Civil Action No. 4:14-CV-03324 (S.D.Tex.); and Edna Webb, *et al*, vs. Brad Livingston, *et al*, Civil Action No. 4:14-CV-3302 (S.D.Tex.).

only time during the hot summer months when Plaintiffs' prison security expert, Secretary Eldon Vail (ret.), was available to enter and inspect the prisons.

During conversations that took place the week of August 8, 2016, in direct contravention of the Federal Rules of Civil Procedure and Supreme Court authority, Defense counsel informed Plaintiffs' counsel that TDCJ refused to allow any photography to take place during the visits. Taking photographs during the expert's inspection is essential to prepare for trial, as he will likely refer to any photographs during his testimony. The parties have conferred, and are unable to resolve this dispute without the court's intervention.[2]

## ARGUMENT AND AUTHORITIES

Federal Rule of Civil Procedure 34(a)(2) specifically permits a party to "ent[er] onto designated land or other property possessed or controlled by the [opposing] party [to] inspect, measure, survey, **photograph,** test, or sample the property." (emphasis added).

There is a protective order in this case, and the related cases, that will protect any privacy or security interests TDCJ has. Photography of locations where Plaintiffs' decedents died, when the conditions of the prison is the core issue in this litigation, is essential discovery in this case. It is extremely prejudicial to not allow Plaintiffs the opportunity to take photographs during their expert inspection when Defendants have access to the facilities at their leisure.

---

[2] One of the reasons given by Defendants' counsel for refusing to permit photographs during the inspections is that Plaintiffs' attorneys' fees will be higher if they prevail. Of course, Defendants ignore that by taking this baseless position that they have forced Plaintiffs to incur fees preparing and arguing this motion.

Photographs of prison conditions are routine in Eighth Amendment litigation. *See, e.g., Brown v. Plata,* 563 U.S. 493, Appx. B & C (2011) (attaching photographs of overcrowding, which include inmates in the photographs) (Kennedy, J.).

CONCLUSION

Plaintiffs request the Court to order the Texas Department of Criminal Justice permit entry and inspection of the Gurney Unit, Michael Unit, Hodge Unit, Garza West Unit, Pack Unit, and Huntsville Unit, and permit photography thereof, in compliance with Rule 34(a)(2).

Dated: August 17, 2016.

Respectfully submitted,

**EDWARDS LAW**
1101 East Eleventh Street
Austin, Texas 78702
Tel.  (512) 623-7727
Fax. (512) 623-7729

By      /s/ Jeff Edwards
        JEFF EDWARDS
        State Bar No. 24014406
        jeff@edwards-law.com
        SCOTT MEDLOCK
        State Bar No. 24044783
        scott@edwards-law.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that a copy of this document has been served on all counsel of record through the Court's electronic filing system.

By    /s/ Jeff Edwards
            JEFF EDWARDS

## CERTIFICATE OF CONFERENCE

I certify that I have conferred with counsel for the Defendants, Cynthia Burton, by telephone, email, and correspondence, and have been unable to resolve the issue of photography during the scheduled prison inspections.

By    /s/ Jeff Edwards
            JEFF EDWARDS