UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEVIN WEBB, *et. al*, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | CIVIL ACTION NO. 4:14-cv-03302 |
| | § | CONSOLIDATED WITH |
| v. | § | |
| | § | *Adams v. Livingston*, 4:14-cv-03326 |
| | § | *Togonidze v. Livingston*, 4:14-cv-03324 |
| BRAD LIVINGSTON, *et. al*. | § | for pretrial & discovery. |
| | § | |
| *Defendants*. | § | JURY DEMAND |
| | § | |

## PLAINTIFFS' MOTION TO COMPEL RESPONSES TO INTERROGATORIES

Plaintiffs ask the Court to compel Defendant Texas Department of Criminal Justice to answer interrogatories that were served more than three years ago, and overrule TDCJ's meritless objections. The interrogatories seek answers to resolve or simplify critical issues in the case, including who the agency considers to have died from the heat inside its facilities, and who was injured at the Hodge Unit where Plaintiffs' decedent, Robert "Allen" Webb, died of heat stroke. Instead of answering the interrogatories, Defendant raises baseless and untimely objections, and generically refers to vast troves of documents rather than actually answering. Thus, the Court should overrule TDCJ's objections and compel it to respond immediately.

## TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................... ii

TABLE OF AUTHORITIES ......................................................................................... iii

I.  SUMMARY OF THE ARGUMENT ...................................................................... 1

II.  NATURE AND STAGE OF THE PROCEEDING ............................................. 1

III.  ARGUMENT AND AUTHORITIES ..................................................................... 2

    a.  Standard of Review ........................................................................................... 2

    b.  Death and Illness Interrogatories: TDCJ waived all objections to
    Interrogatories 2, 3, 4, 5, and 6 and should identify heat-related illnesses in its
    prisons. ...................................................................................................................... 3

    c.  Construction and Design Interrogatory: TDCJ waived its new objections to
    Interrogatory 7, its original objection was baseless, and it must actually respond. 7

    d.  Inmate Witness Interrogatory: TDCJ failed to supplement its responses for
    Interrogatories 22; its objections are improper and it should respond. .................. 8

    e.  Air Conditioning Burden Interrogatories: TDCJ failed to respond to
    Interrogatories 23 and 24, its objections are improper, and it should respond. .......
    .................................................................................................................................. 9

    f.  Identity of Respondent: The Court should compel an answer to Interrogatory
    12. ............................................................................................................................ 11

IV.  CONCLUSION ..................................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**

*Compaq Computer Corp. v. Ergonome, Inc.*,
    No. CIV.A. H-97-1026, 2000 WL 345903 (S.D. Tex. Mar. 15, 2000) .................. 5

*Jacquez v. Compass Bank*,
    No. EP-15-CV-26-RFC, 2015 WL 11529918 (W.D. Tex. Dec. 17, 2015) ........... 2

*Sprint Nextel Corp. v. Sam Computers, LLC*,
    No. A-12-CV-1095 LY, 2013 WL 12120417 (W.D. Tex. Sept. 13, 2013) .......... 12

*Toshiba Am. Med. Sys., Inc. v. Cent. Park, Ltd.*,
    No. A-15-CV-013 RP, 2015 WL 6813395 (W.D. Tex. Nov. 5, 2015).................. 6

*Webb v. Livingston*,
    618 Fed. Appx. 201 (5th Cir. 2015)....................................................... 5

**Rules**

FED. R. CIV. PROC. 33 ......................................................................... 2

## I.  SUMMARY OF THE ARGUMENT

TDCJ refuses to answer interrogatories about fundamental issues in this case – how many prisoners have been injured or killed in its facilities? Who decided not to air condition the Hodge Unit? And how much does air conditioning other TDCJ facilities cost? Because multiple attempts to make TDCJ answer these questions were fruitless, the Court must compel TDCJ to fully and fairly answer these basic questions.[1]

## II.  NATURE AND STAGE OF THE PROCEEDING

Plaintiffs served interrogatories on Defendant TDCJ on September 30, 2013. Generally, the interrogatories sought information about inmate and employee deaths and heat-related illnesses, the identity of people who made design decisions for the Hodge Unit, the names of inmate witnesses, and the costs of air conditioning TDCJ facilities. TDCJ refused to answer these interrogatories, raising baseless objections on December 3, 2013. *See* Ex. 1, TDCJ's [Original] Responses to Plaintiff's Interrogatories.

After numerous contentious discovery disputes, TDCJ's executives filed a notice of interlocutory appeal on June 9, 2014, and the *Webb* case was stayed pending resolution of the appeal. Doc. 147; Doc. 154; Doc. 197. The appeal was dismissed on July 17, 2015. Doc. 198. Discovery remained stayed until the resolution of a companion interlocutory appeal, *Hinojosa v. Livingston* (which was decided on November 18, 2015). The Court's live scheduling order setting deadlines for completion of discovery and identification of experts in the *Webb* case was entered October 26, 2016. Doc. 269.

---

[1] Notably, Plaintiffs are scheduled to take a Rule 30(b)(6) deposition of TDCJ on December 21, 2016. Ex. 14. Plaintiffs anticipate that TDCJ's refusal to answer these interrogatories will prejudice Plaintiffs' ability to successfully complete the deposition.

Since the dismissal of the *Webb* appeal, Defendant TDCJ has represented repeatedly that it would supplement and complete discovery on a rolling basis. Plaintiffs specifically requested TDCJ supplement the interrogatories at issue by December 1, 2016, twenty days in advance of the Rule 30(b)(6) deposition of Defendant. Ex. 3, Nov. 18, 2016 Letter from D. James. Defendant did not even respond to that letter until December 1, and confirmed by phone that it would supplement by December 13, 2016. Ex. 4, Dec. 1, 2016 Letter from D. Kammerlocher.

On December 13, 2016, TDCJ finally served responses. But it still did not substantively answer the interrogatories, and instead, made new objections. *Compare* Ex. 1 *with* Ex. 2. Plaintiffs are now forced to move to compel.

## III.  ARGUMENT AND AUTHORITIES

### a.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 33 permits a party to make "an interrogatory [related] to any matter that may be inquired into under Rule 26(b)." "An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact." *Id*. "'[S]ee documents produced' is not an appropriate response to an interrogatory." *Jacquez v. Compass Bank*, No. EP-15-CV-26-RFC, 2015 WL 11529918, at *1 (W.D. Tex. Dec. 17, 2015); *see* FED. R. CIV. PROC. 33(b)(3).

"The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." FED. R. CIV. PROC. 33(b)(4).

**b. DEATH AND ILLNESS INTERROGATORIES: TDCJ WAIVED ALL OBJECTIONS TO INTERROGATORIES 2, 3, 4, 5, AND 6 AND SHOULD IDENTIFY HEAT-RELATED ILLNESSES IN ITS PRISONS.**

Plaintiffs propounded the following interrogatories related to heat-related injuries in TDCJ facilities:

> **Interrogatory No. 2:** Identify all heat-related deaths (including, but not limited to, fatalities where the cause of death is listed as "hyperthermia") of inmates in Texas Department of Criminal Justice facilities between January 1, 1990 to the present.

> **Interrogatory No. 3:** Identify all heat-related injuries (refer to definition paragraph R) to inmates in Texas Department of Criminal Justice facilities between January 1, 1990 to the present.

> **Interrogatory No. 4:** Identify all heat-related injuries to inmates in the Hodge Unit between January 1, 2002 to the present.

> **Interrogatory No. 5:** Identify all heat-related injuries to employees of the Texas Department of Criminal Justice working in Texas Department of Criminal Justice facilities between January 1, 2002 to the present, including, but not limited to, injuries where employees filed workers compensation claims.

> **Interrogatory No. 6:** Identify all heat-related injuries to employees of the Texas Department of Criminal Justice in the Hodge Unit between January 1, 2002 to the present, including, but not limited to, injuries where employees filed workers compensation claims.

Ex. 1, pp. 4–5. Rather than answer these questions, TDCJ responded uniformly to each:[2]

> **RESPONSE:** Objection. See documents previously produced to plaintiffs' counsel pursuant to discovery requests in McCollum v. Livingston, 3:13-cv-02037, USDC-ND Dallas.

These are not reasonable responses, or proper objections. Over three years after the responses to these interrogatories were due (and only after Plaintiffs' requested multiple times for TDCJ to actually complete its answers, Ex. 3), TDCJ "supplemented" with no

---

[2] In response to Interrogatory 4, TDCJ also stated "See also attached documents," but made no attempt to identify how the documents were responsive.

actual answers, but instead new boilerplate objections that it had never made before and

an unworkable laundry list of the same tens of thousands of pages of documents to

answer each interrogatory:

> **RESPONSE:** Defendant objects to this Interrogatory insofar as it is
> duplicative of other Interrogatories and Requests for Production contained
> in Plaintiff's discovery requests and the information requested by this
> Interrogatory is overly broad, vague, global, unclear, not limited in time or
> scope, and does not adequately describe with particularity the specific
> information to which the Plaintiff would be entitled.
>
> Subject to and without waiving the foregoing objection, see information
> previously disclosed across this litigation pursuant to similar or identical
> discovery requests, including but not limited to:
> []³
> See Generally:
> TDCJ Global Document Index Document [Nos. 79–85, 124–128, & 147]
> . . .
> TDCJ Global Document Index
> Webb Document Index
> McCollum Document Index
> Bailey Document Index
> Martone Document Index
> Hinojosa Document Index
> Caddell Document Index
> Defendant will supplement this response as appropriate.

These responses do not remotely comply with the Federal Rules of Civil

Procedure.

First, TDCJ clearly waived these boilerplate, untimely objections. Plaintiffs were

not alerted to the objections the Defendant intended to raise until *three years* after the

original responses were served. In fact, the original responses merely stated the word

"Objection." "[U]ntimely objections are merely one more obstruction thrown into the

path of the discovery's progress" and should be overruled as waived. *Compaq Computer*

---

³ Each interrogatory answer also lists other index entries in this space, which are
addressed separately below.

*Corp. v. Ergonome, Inc.*, No. CIV.A. H-97-1026, 2000 WL 345903, at *3 (S.D. Tex. Mar. 15, 2000) (Harmon, J.).

Substantively, TDCJ's new objections are baseless. Heat illness throughout TDCJ is relevant to the objective risk posed to Robert Allen Webb in 2011, and the individual Defendants' knowledge of the hazard. *See, e.g., Webb v. Livingston*, 618 Fed. Appx. 201, 210 (5th Cir. 2015) ("[Defendants'] subjective knowledge is a question of fact which this court has recognized is peculiarly within the knowledge and possession of Defendants"). This request is not vague. Even if Plaintiffs' did not define the terms – though they did – TDCJ uses the words "heat-related deaths" and "heat-related injuries" in its internal documents. Ex. 8, p. 6. Defendant's objection that this request is "duplicative" is also specious, as it continues to avoid responding to this issue despite years of litigation.

Second, Defendant's global document indices referenced in the responses are grossly insufficient. A recent global document index is included as Exhibit 6.[4] In total, the enumerated references are to tens of thousands of pages of email production – and even ends with a catch-all reference to the *entire* document indices for multiple cases. Courts in the Fifth Circuit have required interrogatory answers even when a party points to an infinitesimally smaller amount of documents to find an answer.

> While Rule 33(d) provides that a party may produce business records in place of a narrative answer to an interrogatory, when it does so it must "specify[ ] the records ... *in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could*." FED. R. CIV. P. 33(d) (emphasis added). **Pointing to 56 pages of documents without identifying the [responsive material] fails to comply with this duty.**

---

[4] For the convenience of the Court, the descriptions of the specific global indices that Defendant has instructed Plaintiffs to "see" as to each interrogatory are copied into Exhibit 7.

*Toshiba Am. Med. Sys., Inc. v. Cent. Park, Ltd.*, No. A-15-CV-013 RP, 2015 WL 6813395, at *1 (W.D. Tex. Nov. 5, 2015) (emphasis added).

A typical example of why this is unresponsive is TDCJ's reference to lists of *all inmate deaths*, regardless of cause, from 2010 to 2014. *Compare* Ex. 2, p. 4 (referring to Index entries 295, 296, and 297), *with* Ex. 6, p. 34 (showing three mortality-related documents, including TDCJ 83509 which is a 118 page list of every inmate death from 2010 through 2014). Unless TDCJ contends that indoor temperatures contributed to *every* inmate death during that four-year period (a stipulation Plaintiffs would accept and a possible reading of TDCJ's response), it must be required to identify which inmates it contends died of heat-related causes.

Nor could Plaintiffs glean TDCJ's *contentions* by reading these pages because, although they do include tables of all inmate deaths and emails reporting possible heat-related illness (along with numerous unrelated documents), there is no indication whether TDCJ *agrees* that these reports were actually heat-related illness. Indeed, TDCJ has waffled on this very issue in the related case *Cole v. Livingston*: Defendant's expert in that litigation disclaimed heat-related illnesses identified in the documents at the Pack Unit years after the fact.[5]

In sum, Plaintiffs are entitled to know what TDCJ believes the history of heat-related illnesses in its facilities is. TDCJ failed to timely object (by more than three years)

---

[5] *Compare* Ex. 11, Excerpt from Dr. Means' Report, p. 70 ("Documentation in the medical records does not support allegations that Offender Cole has experienced heat-related illness"), *with, e.g.,* Ex. 12, Heat-Related Illnesses 2012 [redacted] (listing Cole with heat exhaustion, Bates labeled TDCJ 8152, and identified in TDCJ's response to Interrogatory No. 3).

to these interrogatories. The Court should overrule Defendant's belated, meritless objections and order TDCJ to respond completely to Interrogatories 2, 3, 4, 5, and 6.

### c. CONSTRUCTION AND DESIGN INTERROGATORY: TDCJ WAIVED ITS NEW OBJECTIONS TO INTERROGATORY 7, ITS ORIGINAL OBJECTION WAS BASELESS, AND IT MUST ACTUALLY RESPOND.

The next interrogatory asks a simple question – "why doesn't the Hodge Unit have air conditioning?" – but TDCJ continues to refuse to respond:

> **Interrogatory 7:** Describe in detail why all inmate housing areas at the Hodge Unit are not air conditioned, identifying all people responsible for decisions not to air condition any part of the Hodge Unit.

Ex. 1, p. 5. TDCJ's original answer was incomplete and raised only one completely disingenuous objection:

> **RESPONSE:** Defendant objects as the term "air conditioned" is not defined. Subject to and without waiving the foregoing objection, the Hodge Unit was built and opened in 1995.

Ex. 1, p. 5. Of course, TDCJ (and any reasonable English speaker) knows what the words "air conditioned" mean, and this response only provides the date Hodge was opened, not the reason it was designed to be dangerously hot inside, or who was responsible for that.

After being prodded by Plaintiffs to answer, TDCJ's "supplemental" response just raises new objections and still fails to actually respond:

> **RESPONSE:** Defendant objects as the information requested by this Interrogatory is overly broad, vague, global, unclear and does not adequately describe with particularity the specific information to which the Plaintiff would be entitled. Defendant objects as the term "air conditioned" is not defined. Subject to and without waiving the foregoing objection, the Hodge Unit was built and opened in 1995. Construction of this facility occurred under Federal Court oversight during the Ruiz litigation.

This interrogatory does not call for TDCJ to recite history relating to the Hodge Unit's original construction in 1995, it calls for *the reasons* that the Hodge Unit was still

not air conditioned in 2011 when the heat killed Mr. Webb. TDCJ has not even attempted

to answer the question, despite having over three years to do so.

    **d.**    The Court should overrule TDCJ's objections and compel it to respond to Interrogatory 7.**Inmate Witness Interrogatory: TDCJ failed to supplement its responses for Interrogatories 22; its objections are improper and it should respond.**

Plaintiffs sought to identify the inmates at the Hodge Unit in 2011 that TDCJ

knew were exceptionally vulnerable to the heat.

> **Interrogatory 22:** Please identify all prisoners in the Hodge Unit who have, at any time, been given "heat restrictions" (see Definition S),[6] or otherwise had any prison activities limited due to medical conditions adversely effected by heat or high temperatures, since January 1, 2011, and the time frames in which the prisoners had those restrictions.

Ex. 1, p. 9. TDCJ refused to answer, responding:

> **RESPONSE:** Defendant objects that this request is overly broad, not reasonably limited in scope or time, and not calculated to lead the discovery of admissible evidence. Defendant further objects that this request seeks confidential information about individuals who are not party to this suit and have not consented to the release of their private medical information.

Ex. 1, p. 9. As Plaintiffs advised Defendant, the objection as to "confidential

information" is simply incorrect. *See* Ex. 3, p. 2. Defendant uses "heat restrictions" to

identify inmates *for security staff* to house in different locations and purportedly to

---

[6] "'Heat restrictions' are any limitations on movement, housing, recreation, work conditions, job assignments, medical attention, or other forms of classification given prisoners who have medical conditions affected by heat or high temperature or who otherwise warrant special attention regarding exposure to high temperature, as identified by employees of the state (including, but not limited to, employees of TDCJ or UTMB)." Ex. 8, Plaintiffs' First Requests for Production and Interrogatories to TDCJ, p. 6. TDCJ's medical provider, the University of Texas Medical Branch, completes a form for each inmate that restricts their housing and work assignments based on medical conditions – three of the restrictions are relevant to extreme temperatures ("no temperature extremes," "no humidity extremes," and "no work in direct sunlight"). "Heat restriction" is a term TDCJ's employees routinely use to describe these limitations.

visually check those inmates more frequently for signs of distress. Ex. 9, Eason depo., p. 323:13-21. Indeed, days after Mr. Webb (and a second inmate, Charles Cook) died in 2011, TDCJ used the "heat restrictions" to identify inmates to move off the much hotter top floor where Mr. Webb and Mr. Cook died. Ex. 13, Email frm. Shelton to Write. Thus, the people on the list are invaluable witnesses who TDCJ must be required to identify.[7]

The Court should overrule TDCJ's objections and order it to respond to Interrogatory 22.

### e. AIR CONDITIONING BURDEN INTERROGATORIES: TDCJ FAILED TO RESPOND TO INTERROGATORIES 23 AND 24, ITS OBJECTIONS ARE IMPROPER, AND IT SHOULD RESPOND.

Plaintiffs next requested operation costs and installation details and contentions for air conditioning at other TDCJ facilities:

**Interrogatory 23:** For the TDCJ prisons where inmate housing areas are presently air conditioned, please provide the annual cost of air conditioning these facilities.

**Interrogatory 24:** For any TDCJ prison facility where air conditioning was installed in the past 10 years, please state the name of the facility, the date air conditioning was installed in the inmate housing areas, and provide a detailed description of any costs associated with installing air conditioning at those facilities.

Ex. 1, p. 10. TDCJ originally refused to respond (Ex. 1, p. 10), then supplemented its response to refer to an array of documents without further explanation:

**RESPONSE:** Defendant objects that the terms "air conditioning" and "inmate housing areas" are not defined. Defendant further objects that this interrogatory is overly broad, not reasonably limited in scope or time, and not calculated to lead to the discovery of admissible evidence.

---

[7] And, of course, a protective order is in place in this litigation specifically to address this type of concern. Doc. 47.

**[to 23]** Subject to and without waiving the foregoing objection, defendant is unable to answer as records of electricity expenses are not categorized in such a manner as to quantify expenses for air conditioning versus expenses for other usage. See TDCJ Global Document Index Document No. 318.

**[to 24]** Defendant further objects that this interrogatory is vague and incapable of answer as worded. Subject to and without waiving the foregoing objection, see TDCJ Global Document Index Document No. 358, TDCJ Global Document Index Document No. 360, TDCJ Global Document Index Document No. 361, TDCJ Global Document Index Document No. 362, and TDCJ Global Document Index Document No. 363.

Ex. 2, p. 14.

The document indices referenced are not responsive. The index in response to 23 appears to reflect only the installation costs (not operation costs). The indices in response to 24 do not describe all air conditioning systems installed by TDCJ in the past 10 years. For example, the East Texas Treatment Center opened in 2004, less than 10 years after the interrogatory was served, and is air-conditioned. *Compare* Ex. 10 *with* TDCJ, East Texas Treatment Center Directory, http://tdcj.state.tx.us/unit_directory/xq.html. Instead, Defendant has only provided details dated back, apparently, through 2009, and of course it has not actually endorsed the information in these documents. *See* Ex. 7, p. 3 (showing descriptions of entries 318 and 358 from Exhibit 6).

And TDCJ's objections are unavailing. Again, the terms "air conditioning" and "inmate housing areas" have readily apparent, unambiguous meaning. The scope of the questions are not overbroad because TDCJ chose not to air condition the Hodge Unit, despite air conditioning other facilities, and apparently intends to argue that air conditioning was too expensive or unreasonable to save Mr. Webb's life.

As to the remaining objections, if TDCJ intends to argue that air conditioning is

too burdensome or expensive, it must actually answer these basic questions to allow Plaintiffs to test that contention. TDCJ's existing air conditioning systems are a possible exemplar for the burden of a hypothetical air conditioning system at Hodge, and relevant to assessing whether air conditioning Mr. Webb's housing area would have been a reasonable accommodation to save his life.

Accordingly, the Court should overrule TDCJ's objections and order it to respond to Interrogatories 23 and 24.

### f. IDENTITY OF RESPONDENT: THE COURT SHOULD COMPEL AN ANSWER TO INTERROGATORY 12.

In addition to the substantive questions that TDCJ refuses to answer, it has refused to identify each person who answered the interrogatories. *See* Ex. 2, p. 10.

> **Interrogatory 12:** Please identify each person who provided information or assisted in any way in answering these interrogatories, and as to each such person, please indicate the discovery request with respect to which he or she was involved.

Instead, TDCJ responds:

> **RESPONSE:** Defendant objects to the extent that this interrogatory is invasive of the attorney client privilege and attorney work product. Subject to and without waiving the foregoing objection, the individuals signing verifications for these interrogatories assisted in answering the interrogatories identified in their respective verifications, Assistant Attorney General Derek Kammerlocher assisted in answering all interrogatories, and individuals identified within the documents cited herein assisted in answering specific interrogatories.

*Id.* This refers to "individuals identified within the documents cited," but TDCJ has "cited" literally all of its production for five interrogatories. This production includes the names of hundreds (if not thousands) of TDCJ inmates and employees (including inmates, like Mr. Webb, who are dead, and presumably did not contribute to the interrogatory response).

11

The response also refers to the individuals signing verifications – but TDCJ has never provided verifications for Interrogatories 2–6, 9–13, 18, 22, 24, or 25. *Id.*; Ex. 3. This response completely fails to answer the question. It also obviously prejudices Plaintiffs, as (presumably) some of the people who assisted in answering these interrogatories will likely be Rule 30(b)(6) witnesses.

The mere identity of who answers an interrogatory is not privileged, so the Court should compel TDCJ to provide the names of each person who assisted in answering each interrogatory. *See, e.g.*, *Sprint Nextel Corp. v. Sam Computers, LLC*, No. A-12-CV-1095 LY, 2013 WL 12120417, at *2 (W.D. Tex. Sept. 13, 2013) (compelling a party to provide this information).

## IV.  CONCLUSION

For the foregoing reasons, the Court should overrule TDCJ's objections and order it to fully and separately respond, under oath, to Interrogatories 2, 3, 4, 5, 6, 7, 12, 22, 23, and 24.

DATED: December 15, 2016.

Respectfully submitted,

The Edwards Law Firm
The Haehnel Building
1101 East 11th Street
Austin, TX 78702
 Tel.   512-623-7727
 Fax.   512-623-7729

By     /s/ Jeff Edwards
JEFF EDWARDS
State Bar No. 24014406
Lead Counsel
Scott Medlock
State Bar No. 24044783

12

David James
State Bar No. 24092572

ATTORNEYS FOR PLAINTIFFS

<u>CERTIFICATE OF SERVICE</u>

By my signature above, I certify that a true and correct copy of the foregoing has been served on all counsel of record through the Electronic Case File System of the Southern District of Texas.

<u>/s/ Jeff Edwards</u>
Jeff Edwards

<u>CERTIFICATE OF CONFERENCE</u>

I certify that I conferred with counsel for TDCJ, Derek Kammerlocher, via telephone and through the attached correspondence about the responsiveness of these interrogatory answers. The parties were unable to reach an agreement, necessitating the filing of this motion.

<u>/s/ David James</u>
David James