# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **EDNA WEBB,** *et al.,* | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **No. 4:14-cv-03302** |
| | § | **Consolidated with** |
| | § | *Adams v. Livingston,* 4:14-cv-3326 |
| **BRAD LIVINGSTON,** *et al.,* | § | *Togonidze v. Livingston,* 4:14-cv-3324 |
| **Defendants.** | § | |

## DEFENDANT TEXAS DEPARTMENT OF CRIMINAL JUSTICE'S SUPPLEMENTAL RESPONSES TO PLAINTIFF KEVIN WEBB'S FIRST SET OF INTERROGATORIES

**TO:** Plaintiff, Kevin Webb, by and through her attorneys of record, Jeff Edwards and Scott Medlock, The Edwards Law Firm, 1101 E. 11th Street, Austin, TX 78702

COMES NOW the Defendant, Texas Department of Criminal Justice, by and through counsel, the Texas Attorney General's Office, and offers the following **Defendant Texas Department of Criminal Justice's Supplemental Responses to Plaintiff Kevin Webb's First Set of Interrogatories**.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**JEFFREY C. MATEER**
First Assistant Attorney General

**BRANTLEY STARR**
Deputy First Assistant Attorney General for
Civil Litigation

**JAMES E. DAVIS**
Deputy Attorney General for Civil Litigation

**KAREN D. MATLOCK**
Assistant Attorney General
Chief, Law Enforcement Defense Division

1

**DEREK KAMMERLOCHER**
Assistant Attorney General
State Bar No. 24097915
Southern No: 2790636
P. O. Box 12548, Capitol Station
Austin, Texas  78711
(512) 463-2080/Fax No. (512) 936-2109

**ATTORNEYS FOR TDCJ DEFENDANTS**

## CERTIFICATE OF SERVICE

I, **DEREK KAMMERLOCHER**, Assistant Attorney General of Texas, do hereby certify

that a true and correct copy of the above and foregoing **Defendant Texas Department of**

**Criminal Justice's Supplemental Response to Plaintiff Kevin Webb's First Set of**

**Interrogatories** has been served on all counsel of record on December 13, 2016, as follows:

Jeff Edwards,
The Edwards Law Firm
The Haehnel Building
1101 East 11th Street
Austin, TX 78702

*Via Certified Mail 7008 0500 0001 5048 1120*
& email

**DEREK KAMMERLOCHER**
Assistant Attorney General

### SUPPLEMENTAL RESPONSES TO FIRST SET OF INTERROGATORIES

1.     Identify all steps you took to protect Robert Webb from heat index temperatures in the Hodge Unit in excess of 90 degrees.

**RESPONSE:**
**The Agency has mandatory heat precaution training for all staff and offenders each year in April.  Each shift supervisor is instructed to discuss heat awareness and warning signs at shift turnouts during the summer months.  Heat awareness, warning signs, and hydration memos were placed throughout the facility for staff and offenders. Shower temperatures were lowered and shower times were extended.  Water coolers with ice were placed in the dorms during summer months. Staff was instructed that offenders identified as needing or that requested relief from the heat were referred to the medical department.  Work shifts are reduced or cancelled and offenders are allowed to wear less clothing in the housing areas. The procedures are reviewed continually by TDCJ staff.**

**Further, the TDCJ Risk Management Office takes the following steps:  On a unit level, risk managers monitor compliance with AD-10.64 including monitoring daily outdoor temperature readings, coordinating with unit medical personnel to conduct heat-related training each spring, documents training as required by policy.  The unit risk manager also provides "Heat/Cold Weather Cards" to officers and unit staff and investigates injuries and illnesses suffered by staff or offenders, including those associated with temperature extremes or weather. Agency-wide, Risk Management monitors compliance with AD-10.64 through an operational review process which is outlined in ED-02.92 *Operational Review Program*. Unit reviews are conducted twice each year, regional reviews are conducted annually, and division level reviews are conducted every three years using checklists published in the Unit Operational Review Manual.  Risk Management also posts heat precaution messages for offenders in the ECHO newspaper, including messages in Issues 4, 5, and 6 of Volume 84 and messages in Issues 3 and 6 of Volume 85. Finally, the Risk Management Office prepares training circulars regarding hot weather precautions.**

**See also heat safety training and circulars produced in response to Plaintiff Stephen McCollum's First Request for Production to TDCJ, numbers 3-5 in *McCollum v. Livingston*, 3:12-cv-02037, U.S. District Court-Northern District- Dallas; TDCJ Global Document Index Document No. 194; TDCJ Global Document Index Document No. 232; Webb Bates No. 1006-1007; and Eason Emails 418- 420.**

2.     Identify all heat-related deaths (including, but not limited to, fatalities where the cause of death is listed as "hyperthermia") of inmates in Texas Department of Criminal Justice facilities between January 1, 1990 to the present.

**RESPONSE:**
**Defendant objects to this Interrogatory insofar as it is duplicative of other Interrogatories and Requests for Production contained in Plaintiff's discovery requests and the information requested by this Interrogatory is overly broad, vague, global, unclear, not limited in time or scope, and does not adequately describe with particularity the specific information to**

3

which the Plaintiff would be entitled.

Subject to and without waiving the foregoing objection, see information previously disclosed across this litigation pursuant to similar or identical discovery requests, including but not limited to:

TDCJ Global Document Index Document No. 295
TDCJ Global Document Index Document No. 296
TDCJ Global Document Index Document No. 297

See Generally:

TDCJ Global Document Index Document No. 79
TDCJ Global Document Index Document No. 80
TDCJ Global Document Index Document No. 81
TDCJ Global Document Index Document No. 82
TDCJ Global Document Index Document No. 83
TDCJ Global Document Index Document No. 84
TDCJ Global Document Index Document No. 85
TDCJ Global Document Index Document No. 124
TDCJ Global Document Index Document No. 125
TDCJ Global Document Index Document No. 126
TDCJ Global Document Index Document No. 127
TDCJ Global Document Index Document No. 128
TDCJ Global Document Index Document No. 147
TDCJ Global Document Index
Webb Document Index
McCollum Document Index
Bailey Document Index
Martone Document Index
Hinojosa Document Index
Caddell Document Index

Defendant will supplement this response as appropriate.

3.      Identify all heat-related injuries (refer to definition paragraph R) to inmates in Texas Department of Criminal Justice facilities between January 1, 1990 to the present.

RESPONSE:
Defendant objects to this Interrogatory insofar as it is duplicative of other Interrogatories and Requests for Production contained in Plaintiff's discovery requests and the information requested by this Interrogatory is overly broad, vague, global, unclear, not limited in time or scope, and does not adequately describe with particularity the specific information to which the Plaintiff would be entitled.

**Subject to and without waiving the foregoing objection, see information previously disclosed across this litigation pursuant to similar or identical discovery requests, including but not limited to:**

**TDCJ Global Document Index Document No. 14**
**TDCJ Global Document Index Document No. 15**
**TDCJ Global Document Index Document No. 16**
**TDCJ Global Document Index Document No. 63**
**TDCJ Global Document Index Document No. 66**
**TDCJ Global Document Index Document No. 67**
**TDCJ Global Document Index Document No. 68**
**TDCJ Global Document Index Document No. 86**
**TDCJ Global Document Index Document No. 100**
**TDCJ Global Document Index Document No. 295**
**TDCJ Global Document Index Document No. 296**
**TDCJ Global Document Index Document No. 297**
**TDCJ Global Document Index Document No. 369**
**TDCJ Global Document Index Document No. 370**
**TDCJ Global Document Index Document No. 371**
**TDCJ Global Document Index Document No. 372**
**TDCJ Global Document Index Document No. 373**
**TDCJ Global Document Index Document No. 374**
**TDCJ Global Document Index Document No. 375**

**See Generally:**

**TDCJ Global Document Index Document No. 79**
**TDCJ Global Document Index Document No. 80**
**TDCJ Global Document Index Document No. 81**
**TDCJ Global Document Index Document No. 82**
**TDCJ Global Document Index Document No. 83**
**TDCJ Global Document Index Document No. 84**
**TDCJ Global Document Index Document No. 85**
**TDCJ Global Document Index Document No. 124**
**TDCJ Global Document Index Document No. 125**
**TDCJ Global Document Index Document No. 126**
**TDCJ Global Document Index Document No. 127**
**TDCJ Global Document Index Document No. 128**
**TDCJ Global Document Index Document No. 147**
**TDCJ Global Document Index**
**Webb Document Index**
**McCollum Document Index**
**Bailey Document Index**
**Martone Document Index**
**Hinojosa Document Index**
**Caddell Document Index**

**Defendant will supplement this response as appropriate.**

4.      Identify all heat-related injuries to inmates in the Hodge Unit between January 1, 2002 to the present.

**RESPONSE:**
**Defendant objects to this Interrogatory insofar as it is duplicative of other Interrogatories and Requests for Production contained in Plaintiff's discovery requests and the information requested by this Interrogatory is overly broad, vague, global, unclear, not limited in time or scope, and does not adequately describe with particularity the specific information to which the Plaintiff would be entitled.**

**Subject to and without waiving the foregoing objection, see information previously disclosed across this litigation pursuant to similar or identical discovery requests, including but not limited to:**

**TDCJ Global Document Index Document No. 14**
**TDCJ Global Document Index Document No. 15**
**TDCJ Global Document Index Document No. 16**
**TDCJ Global Document Index Document No. 369**
**TDCJ Global Document Index Document No. 370**
**TDCJ Global Document Index Document No. 371**
**TDCJ Global Document Index Document No. 372**
**TDCJ Global Document Index Document No. 373**
**TDCJ Global Document Index Document No. 374**
**TDCJ Global Document Index Document No. 375**

**See Generally:**

**TDCJ Global Document Index Document No. 79**
**TDCJ Global Document Index Document No. 80**
**TDCJ Global Document Index Document No. 81**
**TDCJ Global Document Index Document No. 82**
**TDCJ Global Document Index Document No. 83**
**TDCJ Global Document Index Document No. 84**
**TDCJ Global Document Index Document No. 85**
**TDCJ Global Document Index Document No. 124**
**TDCJ Global Document Index Document No. 125**
**TDCJ Global Document Index Document No. 126**
**TDCJ Global Document Index Document No. 127**
**TDCJ Global Document Index Document No. 128**
**TDCJ Global Document Index Document No. 147**
**TDCJ Global Document Index**
**Webb Document Index**
**McCollum Document Index**
**Bailey Document Index**

6

**Martone Document Index**
**Hinojosa Document Index**
**Caddell Document Index**

**Defendant will supplement this response as appropriate.**

5.      Identify all heat-related injuries to employees of the Texas Department of Criminal Justice working in Texas Department of Criminal Justice facilities between January 1, 2002 to the present, including, but not limited to, injuries where employees filed workers compensation claims.

**RESPONSE:**
**Defendant objects to this Interrogatory insofar as it is duplicative of other Interrogatories and Requests for Production contained in Plaintiff's discovery requests and the information requested by this Interrogatory is overly broad, vague, global, unclear, not limited in time or scope, and does not adequately describe with particularity the specific information to which the Plaintiff would be entitled.**

**Subject to and without waiving the foregoing objections, see information previously disclosed across this litigation pursuant to similar or identical discovery requests, including but not limited to:**

**TDCJ Global Document Index Document No. 291**
**TDCJ Global Document Index Document No. 292**
**TDCJ Global Document Index Document No. 364**
**TDCJ Global Document Index Document No. 365**
**TDCJ Global Document Index Document No. 366**
**TDCJ Global Document Index Document No. 367**
**TDCJ Global Document Index Document No. 368**

**See Generally:**

**TDCJ Global Document Index Document No. 79**
**TDCJ Global Document Index Document No. 80**
**TDCJ Global Document Index Document No. 81**
**TDCJ Global Document Index Document No. 82**
**TDCJ Global Document Index Document No. 83**
**TDCJ Global Document Index Document No. 84**
**TDCJ Global Document Index Document No. 85**
**TDCJ Global Document Index Document No. 124**
**TDCJ Global Document Index Document No. 125**
**TDCJ Global Document Index Document No. 126**
**TDCJ Global Document Index Document No. 127**
**TDCJ Global Document Index Document No. 128**
**TDCJ Global Document Index Document No. 147**
**TDCJ Global Document Index**

**Webb Document Index**
**McCollum Document Index**
**Bailey Document Index**
**Martone Document Index**
**Hinojosa Document Index**
**Caddell Document Index**

**Defendant will supplement this response as appropriate.**

6.    Identify all heat-related injuries to employees of the Texas Department of Criminal Justice in the Hodge Unit between January 1, 2002 to the present, including, but not limited to, injuries where employees filed workers compensation claims.

**RESPONSE:**
**Defendant objects to this Interrogatory insofar as it is duplicative of other Interrogatories and Requests for Production contained in Plaintiff's discovery requests and the information requested by this Interrogatory is overly broad, vague, global, unclear, not limited in time or scope, and does not adequately describe with particularity the specific information to which the Plaintiff would be entitled.**

**Subject to and without waiving the foregoing objection, see information previously disclosed across this litigation pursuant to similar or identical discovery requests, including but not limited to:**

**TDCJ Global Document Index Document No. 291**
**TDCJ Global Document Index Document No. 292**
**TDCJ Global Document Index Document No. 364**
**TDCJ Global Document Index Document No. 365**
**TDCJ Global Document Index Document No. 366**
**TDCJ Global Document Index Document No. 367**
**TDCJ Global Document Index Document No. 368**

**See Generally:**

**TDCJ Global Document Index Document No. 79**
**TDCJ Global Document Index Document No. 80**
**TDCJ Global Document Index Document No. 81**
**TDCJ Global Document Index Document No. 82**
**TDCJ Global Document Index Document No. 83**
**TDCJ Global Document Index Document No. 84**
**TDCJ Global Document Index Document No. 85**
**TDCJ Global Document Index Document No. 124**
**TDCJ Global Document Index Document No. 125**
**TDCJ Global Document Index Document No. 126**
**TDCJ Global Document Index Document No. 127**
**TDCJ Global Document Index Document No. 128**

8

**TDCJ Global Document Index Document No. 147**
**TDCJ Global Document Index**
**Webb Document Index**
**McCollum Document Index**
**Bailey Document Index**
**Martone Document Index**
**Hinojosa Document Index**
**Caddell Document Index**

**Defendant will supplement this response as appropriate.**

7.  Describe in detail why all inmate housing areas at the Hodge Unit are not air conditioned, identifying all people responsible for decisions not to air condition any part of the Hodge Unit.

**RESPONSE:**
**Defendant objects as the information requested by this Interrogatory is overly broad, vague, global, unclear and does not adequately describe with particularity the specific information to which the Plaintiff would be entitled. Defendant objects as the term "air conditioned" is not defined. Subject to and without waiving the foregoing objection, the Hodge Unit was built and opened in 1995. Construction of this facility occurred under Federal Court oversight during the *Ruiz* litigation.**

8.  Identify all persons who authorized Robert Webb's placement in each housing area he spent time in during his 2011 incarceration at the Hodge Unit and describe in detail the basis for each placement. A response to this interrogatory should identify each location Robert Webb was housed, including building, bunk number, and whether he was assigned to an upper or lower bunk.

**RESPONSE:**
**Offender Webb was housed in J1 Building, C Wing, 2 Row and assigned to the top bunk. Offender Webb was moved to that housing assignment, J1C219T, on March 25, 2010 on the authority of Assistant Warden Priscilla Daly. Offender Webb's housing assignment was not changed in 2011.**

9.  Identify all persons who you believe have knowledge of relevant facts and identify the issues upon which you believe they have knowledge. A response to this interrogatory should include, but is not limited to, all prisoners housed in the inmate housing area with Robert Webb.
**RESPONSE:**

**See Defendant TDCJ's Second Supplemental Disclosure**

10. If you contend that some other person or legal entity is, in whole or in part, liable to Plaintiff in this matter, identify that person or legal entity and describe in detail the basis of said liability.

**RESPONSE:**
**Defendant objects as this interrogatory calls for a legal conclusion. Defendant further objects that this interrogatory invades the attorney work product and the attorney client privileges. Should such other person or legal entity be identified, Defendant will supplement and amend its pleadings to reflect any such affirmative defenses within the time allowed in the scheduling order.**

11.    Please describe in detail all steps that you have taken to bring the Hodge Unit into compliance with the Americans with Disabilities Act and the Rehabilitation Act. Please include information about what modifications (if any) have been made at the prison, whether a transition plan and self-evaluation have been completed (as those terms are used in the ADA), and what services and programs at the jail exist to accommodate inmates' disabilities.

**RESPONSE:**
**Defendant objects to the usage of the phrase "bring the Hodge Unit *into* compliance" (emphasis added) as assuming facts not in evidence and argumentative.  Subject to and without waiving the foregoing objection, please see the ADA Findings of the Hodge Unit Risk manager included in response to plaintiffs' first requests for production under the business records affidavit of Eric Henslee.**

12.    Please identify each person who provided information or assisted in any way in answering these interrogatories, and as to each such person, please indicate the discovery request with respect to which he or she was involved.

**RESPONSE:**
**Defendant objects to the extent that this interrogatory is invasive of the attorney client privilege and attorney work product. Subject to and without waiving the foregoing objection, the individuals signing verifications for these interrogatories assisted in answering the interrogatories identified in their respective verifications, Assistant Attorney General Derek Kammerlocher assisted in answering all interrogatories, and individuals identified within the documents cited herein assisted in answering specific interrogatories.**

13.    Please identify all persons employed at the Hodge Unit whose duties included spending time in the inmate housing areas during the summer of 2011, including, but not limited to, sworn law enforcement officers and non-sworn employees.

**RESPONSE:**
**Defendant objects to the extent that this interrogatory is overly broad and the phrase "spending time in" is not defined.  Subject to and without waiving the foregoing objection, see shift rosters produced under the business records affidavit of Eric Henslee in response to Plaintiffs' first requests for production.**

14.   Please identify who was responsible for construction of the Hodge Unit, including, but not limited to, the construction firm and any architects involved in the design of the Hodge Unit. A response to this interrogatory should include information about the design of any ventilation system at the Hodge Unit.

**RESPONSE:**
**The architect/engineer responsible for the Hodge Unit was Goodwin, Alexander & Linville. The contractor was Clearwater Constructors, Inc.**

15.   Please describe any policies at the Hodge Unit regarding prisoners' possession and use of personal fans in 2011.

**RESPONSE:**
**Please see documents produced by the Hodge Unit under the business records affidavit of Eric Henslee. The Hodge Unit followed the policy outlined in Message ID 246452TT on 5/7/10 on behalf of William Stephens, Deputy Director. An email was sent out stating that offender fans should not be confiscated due to property restriction during said time. It went on to state that fans were allowed to all custody levels (to include administrative segregation and disciplinary status) and that offenders with fans stored based on these restrictions would have their fans re-issued for the time period specified in the posting. It also stated that all offenders were to be permitted to purchase a fan if they did not have one and gave instructions to ensure the fan program was in place allowing the permanent issue of a fan to an offender who had been indigent for the previous six months, on a first come first serve basis. Offenders who had significant medical needs, based on a condition or medication that is negatively impacted, were given priority.**

**In August 2011, there was not a specific rule for offenders assigned to the Hodge unit regarding the possession or use of fans. All offenders were allowed to possess a fan and use it any time of the day. All offenders who could not purchase a fan from commissary were provided with two options of obtaining a fan. The first option was a loaner fan program and the second option was to obtain a fan through the Texas Cure indigent prisoner fan program.**

**See also Webb Bates Nos. 1006 – 1007.**

16.   Please describe in detail any "heat conditions" or "heat restrictions" assigned to prisoners at the Hodge Unit, including, but not limited to, why prisoners are assigned these conditions and what action (if any) TDCJ took in 2011 and 2012 when a prisoner is assigned "heat conditions" or "heat restrictions."

**RESPONSE:**
**Defendant objects that this request is overly broad, not reasonably limited in scope or time, and not calculated to lead the discovery of admissible evidence. Defendant further objects that this request seeks confidential information about individuals who are not party to this suit and have not consented to the release of their private medical information.**

11

**Subject to and without waiving the foregoing objections, the following steps are taken when an offender is assigned heat restrictions on the Hodge Unit: 1) The Medical Department updates the offender's health summary with the heat restriction.   A notification is sent to classification advising of the added restriction. 2) Upon receipt of the notification of the heat restriction, the offender's housing and job is reviewed. Any change to an offender's housing or job assignment that needs to be made will be done as quickly as possible. All offenders with heat restrictions will have their names added to a master list that is provided to security each week for the purpose of doing wellness checks and to keep them aware of which offenders have these restrictions.**

17. Please describe in detail all TDCJ policies about what personal property prisoners at the Hodge Unit were allowed to possess in July and August 2011. A response to this interrogatory should include what items newly-arrived prisoners at the Hodge Unit were issued on arrival, what items can be purchased from the prison commissary, and when newly-arrived prisoners can purchase items from the commissary.

**RESPONSE:**
**An offender newly assigned to the Hodge Unit would receive the following items: 1 shirt, 1 pair of pants, 2 pairs of socks, 2 pairs of boxer shorts, 1 towel, 2 sheets, 1 mattress, and a small bag of necessity items including a comb, razor, toothbrush, bar of soap, and toothpaste/tooth powder.  In cold weather months, an offender would also receive a jacket and a blanket.  The Hodge Unit does not have unit specific property policy but rather follows AD 03.72 regarding Offender Property.  Hodge offenders can purchase any item currently in stock in the commissary provided that they do not go over the spending limit.  Offenders can purchase items from the commissary on the days that the housing building to which they are assigned is scheduled to go to commissary.  However, an offender who wishes to purchase fan can purchase one anytime the commissary is open and does not have to wait for his building's assigned day(s).**

18. Please identify all persons that Defendant expects to call to testify on Defendant's behalf at trial.

**RESPONSE:**
**Defendant objects to this interrogatory as premature at this juncture.  Defendant will designate its witnesses in a timely fashion in accordance with the Court's scheduling order.  Subject to and with waiving the foregoing objection, see Defendant TDCJ's Second Supplemental Disclosures.**

19. Please provide a complete and detailed list of all areas in the Hodge Unit that are air conditioned – including but not limited to dorms, inmate housing areas, inmate work areas, staff work areas, chow halls, libraries, gyms, etc.

**RESPONSE:**
**Defendant objects as the term "air conditioned" is not defined.  Subject to and without waiving the foregoing objection, the following areas of the Hodge Unit are serviced with air**

conditioners chilling air through either blowing heat off of a condenser coil or using a cooling tower: A-Control Building; P-Building which includes administrative offices, medical, education, law library, and the library; Vocational Classroom Offices; Maintenance Office; Laundry-Necessities Office: Back-Gate Office; Commissary; Offender Barbershop; Food Service Office; Security and Chaplain Offices in the Gym; the Chapel; J Building Control Pickets; Supervisor's Office on K Wing J4 Building; Perimeter Pickets 4, 5, and 6; and the Armory.

20.     Please provide a complete and detailed list of all areas in the Hodge Unit that are NOT air conditioned – including but not limited to dorms, inmate housing areas, inmate work areas, staff work areas, chow halls, storage facilities, libraries, gyms, etc.

**RESPONSE:**
**Defendant objects as the term "air conditioned" is not defined. Subject to and without waiving the foregoing objection, any area of the Hodge Unit not identified in response to Interrogatory 19 is not air conditioned.**

21.     Please identify all TDCJ units that have some inmate living areas with air conditioning.

**RESPONSE:**
**Defendant objects that the terms "air conditioning" and "inmate living areas" are not defined.  Defendant further objects that this interrogatory is overly broad, not reasonably limited in scope or time, and not calculated to lead to the discovery of admissible evidence.**

**Subject to and without waiving the foregoing objection, The following Region II TDCJ Units have at least one offender living area that is serviced with air conditioners chilling air through either blowing heat off of a condenser coil or using a cooling tower: the Beto Unit, the Boyd Unit, the Cole Unit, the Gurney Unit, the Hutchins State Jail, the Johnson Unit, the Michael Unit, the Moore Unit, the Powledge Unit, the Skyview Unit, and the Telford Unit. See also TDCJ Global Document Index Document No. 287.**

22.     Please identify all prisoners in the Hodge Unit who have, at any time, been given "heat restrictions" (see Definition S), or otherwise had any prison activities limited due to medical conditions adversely effected by heat or high temperatures, since January 1, 2011, and the time frames in which the prisoners had those restrictions.

**RESPONSE:**
**Defendant objects that this request is overly broad, not reasonably limited in scope or time, and not calculated to lead the discovery of admissible evidence.  Defendant further objects that this request seeks confidential information about individuals who are not party to this suit and have not consented to the release of their private medical information.**

23.   For the TDCJ prisons where inmate housing areas are presently air conditioned, please provide the annual cost of air conditioning these facilities.

**RESPONSE:**
**Defendant objects that the terms "air conditioned" and "inmate housing areas" are not defined. Defendant further objects that this interrogatory is overly broad, not reasonably limited in scope or time, and not calculated to lead to the discovery of admissible evidence.**

**Subject to and without waiving the foregoing objection, defendant is unable to answer as records of electricity expenses are not categorized in such a manner as to quantify expenses for air conditioning versus expenses for other usage. See TDCJ Global Document Index Document No. 318.**

24.   For any TDCJ prison facility where air conditioning was installed in the past 10 years, please state the name of the facility, the date air conditioning was installed in the inmate housing areas, and provide a detailed description of any costs associated with installing air conditioning at those facilities.

**RESPONSE:**
**Defendant objects that the terms "air conditioning" and "inmate housing areas" are not defined. Defendant further objects that this interrogatory is overly broad, not reasonably limited in scope or time, and not calculated to lead to the discovery of admissible evidence. Defendant further objects that this interrogatory is vague and incapable of answer as worded. Subject to and without waiving the foregoing objection, see TDCJ Global Document Index Document No. 358, TDCJ Global Document Index Document No. 360, TDCJ Global Document Index Document No. 361, TDCJ Global Document Index Document No. 362, and TDCJ Global Document Index Document No. 363.**

25.   Identify all inmates who died while in the custody of the Hodge Unit between January 1, 2006 to the present. A response to this interrogatory should include the inmate's name, date of birth, date of death, offense, sentence length, and cause of death. (This interrogatory calls for information about prisoners assigned to the Hodge Unit, whether or not the prisoner died within the Hodge Unit facility or in a medical facility after transfer from the Hodge Unit.)

**RESPONSE:**
**Defendant objects that this request is overly broad, not reasonably limited in scope or time, and not calculated to lead the discovery of admissible evidence. Defendant further objects that sentence length and offense are not relevant. Subject to and without waiving the foregoing objection, please see the documents produced in response to Plaintiffs' Requests for Production under the business records affidavit of Eric Henslee.**

14