UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEVIN WEBB, individually and as the representative of the Estate of Robert Allen Webb, and EDNA WEBB, CHRISTAN CARSON, and CASEY AKINS, individually and as heirs at law, | § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 4:14-cv-03302 |
| *Plaintiffs*, | | |
| v. | | CONSOLIDATED WITH |
| | | *Adams v. Livingston*, 4:14-cv-03326 |
| BRAD LIVINGSTON, RICK THALER, WILLIAM STEPHENS, OWEN MURRAY, ROBERT EASON and TOMMIE HAYNES, in their individual capacities, the TEXAS DEPARTMENT OF CRIMINAL JUSTICE, and the UNIVERSITY OF TEXAS MEDICAL BRANCH. | | *Togonidze v. Livingston*, 4:14-cv-03324 |
| | | JURY DEMAND |
| *Defendants*. | | |

**PLAINTIFFS' RULE 30(b)(6) NOTICE OF DEPOSITION FOR DEFENDANT TEXAS DEPARTMENT OF CRIMINAL JUSTICE**

TO: **DEFENDANT TEXAS DEPARTMENT OF CRIMINAL JUSTICE**, by and through their attorney of record, Cynthia Burton, Assistant Attorney General, P.O. Box 12548, Capitol Station Austin, Texas 78711.

Please take notice that on December 21, 2016, Plaintiffs will take the oral deposition of an agency representative who is knowledgeable about the topics identified in Exhibit A before a court reporter and notary public for the State of Texas, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure.

The deposition is for the purpose of discovering, securing, and completing testimony of Defendant. The deposition will be taken at at the Office of the Attorney General, 300 West 15th Street, 7th Floor, Austin, Texas 78701, beginning at 10:00 a.m. and will continue thereafter day to day until completed. The deposition will be recorded stenographically and/or on videotape.

The deponent is commanded to produce, at the deposition or before, all documents in response to the subpoena *duces tecum* on Exhibit B.

Dated November 18, 2016.

                                     Respectfully submitted,

                                     EDWARDS LAW
The Haehnel Building
1101 East 11th Street
Austin, TX 78702
       Tel.    512-623-7727
       Fax.   512-623-7729

By:    /s/ Jeff Edwards
JEFF EDWARDS
State Bar No. 24014406
Lead Counsel
SCOTT MEDLOCK
State Bar No. 24044783
DAVID JAMES
State Bar No. 24092572

Michael Singley
THE SINGLEY LAW FIRM, PLLC
State Bar No. 00794642
4131 Spicewood Springs Rd.
Austin, Texas 78759
       Tel.   (512) 334-4302
       Fax.  (512) 727-3365

Abigail Frank
Texas Bar No. 24069732
Federal ID No. 1076613

TEXAS CIVIL RIGHTS PROJECT
1405 Montopolis Dr.
Austin, TX 78751
Tel.   (512) 474-5073
Fax.  (512) 474-0726

Wallis Nader
State Bar No. 24092884
Federal ID No. 2609150

TEXAS CIVIL RIGHTS PROJECT—

HOUSTON
2006 Wheeler Ave
Houston, TX 77004
    Tel.   (832) 767-3650
    Fax.  (832) 554-9981

**ATTORNEYS FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

By my signature below, I hereby certify that the foregoing document has been served on all counsel of record **via facsimile and email,** on November 18, 2016, as follows:

Cynthia Burton
Assistant Attorney General
State Bar No. 07631060
P.O. Box 12548, Capitol Station
Austin, Texas 78711
Fax.  512-936-2109
*Cynthia.burton@oag.texas.gov*

ATTORNEY FOR TDCJ DEFENDANTS

Lee Haney
lee.haney@oag.texas.gov
Assistant Attorney General
Office of the Attorney General
P. O. Box 12548
Austin, Texas  78711
Phone: 512-463-2080
Fax:     512-936-2109

Graig J. Alvarez
galvarez@fa-lawfirm.com
Kara Stauffer Philbin
kphilbin@fa-lawfirm.com
Fernelius Alvarez Simon PLLC
1221 McKinney Street, Ste. 3200
Houston, Texas 77010
Phone: 713-654-1200
Fax:     713-654-4039

ATTORNEYS FOR UNIVERSITY OF TEXAS MEDICAL BRANCH DEFENDANTS

                                                     **/s/ Jeff Edwards**
                                                       Jeff Edwards

**Exhibit A**

1. Robert Allen Webb's medical history, including but not limited to the known risk that extreme heat posed to him;

2. The known effects of heat on Robert Allen Webb;

3. The history of heat-related illness, including death, at the Hodge Unit, including but not limited to the name and circumstances for each inmate and employee TDCJ had reason to believe suffered a heat-related illness at the Hodge Unit, from 1998 to present;

4. The process of investigating and reporting heat-related illness, including death, at the Hodge Unit from 1998 to present;

5. The process of investigating heat-related illness, including death, at the Hodge Unit at the time of Robert Allen Webb's death;

6. The investigation of Robert Allen Webb's death, including morbidity & mortality review, death review, quality of care review, peer review, and administrative review;

7. Any adoption of practices listed on TDCJ 83506 – TDCJ 83508 ("List of changes") at the Hodge Unit, if any, and the dates of adoption;

8. The nature and extent of application of each practice listed on TDCJ 83506 – TDCJ 83508 ("List of changes") at the Hodge Unit, if any;

9. The criteria for assignment to the Developmentally Disabled Program, formerly called the "Mentally Retarded Offender Program" ("DDP/MROP");

10. The function of DDP/MROP, including:

    a. the nature of treatment, services, programs, activities, and subdivisions of DDP/MROP;

    b. the decision-making process for assignment to DDP/MROP;

    c. the reason that inmates assigned to DDRP/MROP, including Robert Allen Webb, were assigned to the Hodge Unit and the decision-making process for that assignment; and

    d. any effect on other inmate treatment, services, programs, activities, or policies;

11. The custody level of Robert Allen Webb at the time of his death;

12. The decision-making process for Robert Allen Webb's bunk (i.e. cell) assignment, including, but not limited to:

    a. who made or could make the final decision;

    b. who made or could make formal or informal recommendations; as well as

    c. any possible alternative assignments, including but not limited to any bunk, cell, or dormitory with lower indoor temperatures;

13. The air-conditioned housing locations at the Hodge Unit at the time of Robert Allen Webb's death, including the total number of possible bunks, the number available to an inmate with Robert Allen Webb's classification, and the location of each;

14. The decision-making process for Robert Allen Webb's facility assignment, including:

    a. who made or could make the final decision;

    b. who made or could make formal or informal recommendations; as well as

    c. any possible alternative assignments any possible alternative assignments, including but not limited to all housing areas with lower indoor temperatures where Robert Allen Webb could have been housed from May 1, 2011 until October 1, 2011;

15. The air-conditioned housing locations under TDCJ's control at the time of Robert Allen Webb's death, including the total number of bunks, the number available to an inmate with Robert Allen Webb's classification, and the location of each;

16. The temperature and humidity (or heat index) in Robert Allen Webb's cell and cellblock during June, July, and August of 2011;

17. The decision-making process for the construction of the Hodge Unit, including but not limited to the approval of the design, names of all people who approved the final design of HVAC and ventilation systems, and the names of all people who approved the final design of the inmate housing areas without air conditioning;

18. Policies and practices concerning inmates prescribed anti-psychotic medications from 1998 to present;

19. Policies and practices for missed medical or infirmary appointments by inmates prescribed anti-psychotic medications from 1998 to present during:

    a. heat waves;

    b. May 1 to October 1; and

    c. all other times;

20. Policies and practices for missed medical or infirmary appointments by inmates enrolled in Developmentally Disabled Program, formerly called the "Mentally Retarded Offender Program," or otherwise identified as developmentally disabled from 1998 to present;

    a. heat waves;

    b. May 1 to October 1; and

    c. all other times;

21. The reason that "Survey of Which Units Have Air Conditioning in Housing Areas," Bates labeled TDCJ 82858, was created; how it was created; and whether or not any TDCJ official ever created or contributed to a similar document prior to 2013.

Case 4:14-cv-03302   Document 271-15   Filed in TXSD on 12/15/16   Page 7 of 8

**Exhibit B**

The terms **DOCUMENTS** and **WRITINGS** are used herein in their most comprehensive sense and include, but are not limited to, notes, letters, reports, memoranda, diaries, bulletins, circulars, instructions, work assignments, advertising literature, notebooks, tapes, discs, or other sound recordings, films, drafts, worksheets, calendars, appointment books, estimates, ledgers, opinions, instructional manuals, memoranda or notes relating to telephone or other conversations, excerpts, summaries and other **WRITINGS** of any nature whatsoever, including copies of mechanical or photostatic reproductions of any and all the foregoing items that are in the custody or subject to your control or known by you or Plaintiff to exist. **YOU** includes any individuals and entities working at your direction for the purpose of formulating your testimony as an expert in this matter. The categories of documents, items, and things which the deponent is directed to produce at the beginning of the deposition are as follows:

1. All documents you intend to rely upon or use as a basis for your testimony in this deposition.

2. All documents reviewed by you or furnished to you for review in connection with this case.

3. All documents you reviewed in preparation for your deposition.

4. Your most recent curriculum vitae.

5. A document reflecting your current job description, if such a document exists.

If produced on or before December 7, 2016, you may identify responsive documents by Bates label no later than the close of business December 19, 2016 in lieu of providing the documents again.