UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **KEVIN WEBB,** *et al.*, | § | |
| *Plaintiffs*, | § | |
| | § | |
| | § | CIVIL ACTION NO. 4:14-cv-3302 |
| v. | § | CONSOLIDATED WITH |
| | § | *Adams v. Livingston*, 4:14-cv-3326 |
| **BRAD LIVINGSTON,** *et al.* | § | *Togonidze v. Livingston*, 4:14-cv-3324 |
| *Defendants*. | § | |
| | § | |

### TDCJ DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO TDCJ'S PARTIAL MOTION FOR SUMMARY JUDGMENT FOR LACK OF CAPACITY

Defendants Brad Livingston, Rick Thaler, William Stephens, Robert Eason, Tommie Haynes and the Texas Department of Criminal Justice ("TDCJ") file this reply to Plaintiffs' response to TDCJ's motion for partial summary judgment on Plaintiffs' claims brought on behalf of the estate of Robert Allen Webb. The TDCJ Defendants assert the following in reply to the argument and authorities cited by Plaintiffs' counsel. (See D.E. 286)

**I.   Plaintiffs late-executed and incomplete family agreement does not prove their compliance with the Texas Survival Statute.**

In an attempt to salvage the validity of their late-executed and insufficient family agreement, Plaintiffs offer a number of arguments that contain little to no direct support under Texas law. This is because neither the Plaintiffs, nor Defendants, have identified any case where a party has attempted to establish capacity in the manner in which Plaintiffs attempt to do so here—with a family agreement executed over five years after death, and under terms hostile to the interests of one of the living heirs at the time the suit was filed, but who was deceased when the agreement was finally executed several years later.

As to timing, Plaintiffs argue that, despite the statute that requires that administration proceedings be initiated within four years, the Texas Supreme Court has ruled that this time is unlimited and can be done at any time after capacity has been challenged. (See D.E. 286 at 4-5) In support of this proposition, Plaintiffs cite to *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 853 (Tex. 2005); *see Neal v. City of Hempstead*, 2013 WL 105036 at *3 (S.D. Tex. 2013) (Ellison, J.). Yet a review of these cases shows they do not stand for the proposition that the estate disposition can wait until after the four period because in both cases the estates were timely administered. In *Lovato*, the decedent died on August 18, 1998, and the Plaintiff was appointed administrator on May 9, 2002 (three years, eight months, and twenty-one days later). *Lovato*, 171 S.W.3d at 847, 851. In *Neal*, the decedent died on June 8, 2010, and probate proceedings were initiated no later than November of 2012. *Neal*, 2013 WL at *2. Both cases hold no more than that a plaintiff may cure defects in capacity outside of the two year statute of limitations for filing a wrongful death action. *Id*. They do not address whether a plaintiff can establish capacity based on a family agreement executed over five years after death. The lack of precedent supporting Plaintiffs position, despite decades of wrongful death litigation in Texas, is telling.

In addition, Plaintiffs offer no authority for proposition that the recently executed family agreement suffices even though it does not contain an agreement by Kevin Webb. His death, while tragic, negates the ability to establish that all of *Robert Webb's* heirs, agree to the distribution scheme set forth in the agreement. P.W., Kevin's only son is not an heir to the estate of Robert Webb. He is an heir to his Kevin Webb's estate, which includes a share of Robert Webb's estate. *See* TEX. ESTATES CODE § 22.015. The difference is not merely semantic. Texas law makes clear that all heirs are necessary to validate a family agreement. *Stewart v. Hardie*, 978 S.W.2d 203, 207 (Tex.App.—Fort Worth 1998, pet. denied) (emphasis added); see also, *Martinez v. Foster*, No.

4:13CV59, 2016 WL 816089, at *5 (E.D. Tex. Mar. 2, 2016), report and recommendation adopted, No. 4:13CV59, 2016 WL 1271611 (E.D. Tex. Mar. 31, 2016), appeal dismissed (Oct. 26, 2016). The obvious reason for this necessity is that all heirs must agree to the division of the estate's assets. The reason for this necessity is manifest in the situation here, where Kevin Webb's share of the estate is unevenly distributed to other heirs rather than transferred to his own estate, something Kevin Webb never agreed to while alive, or at the time when he filed his suit and claimed that no administration of Robert Webb's estate was necessary.

Plaintiffs cite to no authority that an heir of an heir can execute a family agreement when the original heir was alive and capable to making such an agreement at the time the time the suit was filed, and for years after. Instead, Plaintiffs again rely on *Lovato* and *Neal*, but neither case contemplates the rule of law for which Plaintiffs cite it, as neither addressed deceased heirs who did not sign a family agreement prior to death. The inability to maintain capacity due to Kevin Webb's death is not an unjustified benefit to Defendants, but is a product of the precarious position in which these claims were placed by the failure of Plaintiffs' counsel to execute a family agreement at the time the claim was filed, or to simply probate the estate. The lack of authority on this also issue is telling, because despite decades of wrongful death litigation in Texas, no Plaintiffs have sought to establish capacity in the method by which Plaintiffs seek to do so here.

**II.    Plaintiffs failed to prove that no administration was necessary as competent evidence indicates Robert Webb likely owed at least two separate child support debts at the time of his death.**

Plaintiffs' argument in the alternative also fails. Plaintiffs contend that because the estate only owed one debt—child support—it can proceed without administration, and another debt listed on a public record search is no longer enforceable. (See D.E. 286 at 6-9) Plaintiffs' argument tacitly admits that if two such debts exists, administration was required under Texas law. *Id.*

Plaintiffs argument fails as Plaintiffs have failed to demonstrate—as is their burden—that Robert Webb did not have two distinct child support debts at the time of his death.  First, Plaintiffs do not appear to dispute that Robert Webb owed the child support contained in the lien filed in Harris County for the child support owed for Kasey and Kevin Webb. (See D.E. 282-3)  Yet this doesn't account for child support owed for Christan Jackson, who was born of a different mother.  Indeed Ms. Jackson testified that her father owed child support. (D.E. 282-5 at 3)  Despite this, Plaintiffs have not supplemented discovery responses specifically inquiring about past child support. (D.E. 282-2 at 9-10)  Moreover, a record search for Robert Webb shows an additional lien in the amount of $5,000 filed by the Office of the Attorney General in Madison County in 1997 (See D.E. 282-4 at 18), meaning it is separate and apart from the child support lien entered in 2006 in Harris County. (D.E. 282-3 at 3)  Child support liens do not go dormant. TEX. CIV. PRAC. & REM. CODE § 34.001(c).  It is Plaintiffs' burden to prove their allegation that no estate administration was necessary. *Rodgers v. Lancaster Police & Fire Dep't*, 819 F.3d 205, 212 (5th Cir.2016).  Competent evidence, including their testimony, indicates that two child support debts owed by Robert Webb existed at the time of his debt.  This would have necessitated administration of his estate and Plaintiffs have failed to prove their allegation that none was necessary.  This failure mandates dismissal of Plaintiffs' claims under the Texas Survival Statute.

    Respectfully Submitted,


    **KEN PAXTON**
    Attorney General of Texas

    **JEFFREY C. MATEER**
    First Assistant Attorney General

    **BRANTLEY STARR**
    Deputy First Assistant Attorney General

**JAMES E. DAVIS**
Deputy Attorney General for Civil Litigation

**LACEY E. MASE**
Division Chief
Law Enforcement Defense Division

**CYNTHIA L. BURTON**
Assistant Attorney General
Attorney in Charge
State Bar No. 24035455
Southern District ID No. 35273
Cynthia.Burton@oag.texas.gov

**HAROLD J. LILLER**
Assistant Attorney General
Co-Counsel
State Bar No. 24029689
Southern District ID No. 351997
harold.Liller@oag.texas.gov

*/s/ Matthew J. Greer*
**MATTHEW J. GREER**
Assistant Attorney General
Co-Counsel
Texas Bar No. 24069825
Southern District No. 1171775
matthew.greer@oag.texas.gov

**DANIEL C. NEUHOFF**
Assistant Attorney General
Co Counsel
Texas Bar No. 24088123
Southern District No. 2374885
daniel.neuhoff@oag.texas.gov

**DEREK KAMMERLOCHER**
Assistant Attorney General
Co-Counsel
Texas Bar No. 24097915
Southern District No. 2790636
derek.kammerlocher2@oag.texas.gov

        AMANDA KATES
Assistant Attorney General
Co-Counsel
Texas Bar No. 24075987
Southern District No. 2878366
amanda.kates@oag.texas.gov


Office of the Attorney General of Texas
Law Enforcement Defense Division
P. O. Box 12548, Capitol Station
Austin TX  78711
(512) 463-2080/Fax (512) 936-2109

**ATTORNEYS FOR TDCJ DEFENDANTS**


**NOTICE OF ELECTRONIC FILING**

I, **MATTHEW J. GREER**, Assistant General of Texas, certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing **TDCJ's Reply to Plaintiffs' Response to Defendants' Partial Motion for Summary Judgment for Lack of Capacity** in accordance with the Electronic Case Files System of the Southern District of Texas, on the 30th day of January, 2017.

        */s/ Matthew J. Greer*
        **MATTHEW J. GREER**
        Assistant Attorney General

## CERTIFICATE OF SERVICE

I, **MATTHEW J. GREER**, Assistant Attorney General of Texas, certify that I have served all counsel or *pro se* parties of record electronically or by another manner authorized by FED. R. CIV. P. 5 (b)(2) a true and correct copy of the above and foregoing **TDCJ's Reply to Plaintiffs' Response to Defendants' Partial Motion for Summary Judgment for Lack of Capacity**, on the on the 30th day of January, 2017.

*Attorneys for Plaintiff*
Jeff Edwards
Scott Medlock
The Edwards Law Firm
1101 E. 11th Street,
Austin, Texas 78702-1908

          */s/ Matthew J. Greer*
          **MATTHEW J. GREER**
          Assistant Attorney General