# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| **KEVIN WEBB**, *et al.*, § | § |
| § | § |
| *Plaintiffs*, § | § |
| § | **CIVIL ACTION NO. 4:14-cv-03302** |
| v. § | **CONSOLIDATED WITH** |
| § | *Adams v. Livingston,* **4:14-cv-03326** |
| **BRAD LIVINGSTON**, *et al.*, § | *Togonidze v. Livingston,* **4:14-cv-03324** |
| § | |
| *Defendants*. § | |

## THE UNIVERSITY OF TEXAS MEDICAL BRANCH AND OWEN MURRAY'S REPLY TO PLAINTIFF'S CONSOLIDATED RESPONSE TO DEFENDANTS' PARTIAL MOTIONS FOR SUMMARY JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56

Defendants The University of Texas Medical Branch at Galveston ("UTMB") and Owen Murray (collectively the "UTMB Defendants") file their Reply to Plaintiff's Consolidated Response to Defendants' Partial Motions for Summary Judgment Challenging Capacity to Assert Survival Claims (Dkt. No. 286):

## DISCUSSION

Plaintiffs' statement that "Texas courts have long held that when heirs execute a family settlement agreement ("FSA") governing disposition of the estate assets, they may assert survival claims without the need to open an estate administration" is false. *See* Dkt. No. 286 at 3. As outlined in the UTMB's Defendants' Partial Motion for Summary Judgment, Texas law makes clear that "the estate plainly has standing" in survival actions. *See Austin Nursing Center, Inc. v. Lovato*, 171 S.W.3d 845, 851 (Tex. 2005). Generally, only *representatives* of the estate are entitled to bring a personal injury action. *Id.* at 848-50. Plaintiffs do not, and cannot, allege that anyone

is currently a proper representative of Robert Allen Webb's estate, and their response does not address this flaw or attempt to remedy it. *See generally* Dkt. No. 286.

The law makes room for an FSA to confer standing, in combination with other requirements, if, and only if, Plaintiff alleges and can prove that no administration is necessary. An FSA, in itself, does not cure the necessity for administration. *See generally Lovato*, 171 S.W.3d at 851.

The triggering factor determining whether an administration is necessary has nothing to do with whether there is an FSA. Rather, Plaintiff must allege and <u>prove</u> that no administration is necessary. It is Plaintiffs' burden to prove that no administration is necessary *before* the Court can even evaluate the sufficiency of any FSA. *See Ford Motor Co. v. Cammack*, 999 S.W.2d 1, 1 (Tex. App.—Houston [14th Dist.] 1998, pet. denied) (reemphasizing that the burden is on the plaintiffs to prove that they are legal heirs and the estate owed no debts). Plaintiffs fail to meet that burden.

Furthermore, Plaintiffs' response did not address any of the deficiencies in their purported family settlement agreement that were outlined in UTMB's Partial Motion for Summary Judgment. Despite there being evidence that the FSA is not representative of the Plaintiffs' actual intent and that certain parties may be unknowingly waiving their right to inheritance, Plaintiffs provided no evidence to the contrary.

## **CONCLUSION AND PRAYER**

Plaintiffs have not offered proof of a proper family settlement agreement, nor proof that there are no debts against the estate, such to eliminate the necessity of administration of the estate of Robert Allen Webb. The UTMB Defendants respectfully request that this Court grant their

Partial Motion for Summary Judgment, dismissing Plaintiffs survival claims, or in the alternative, abate them until a proper administration has taken place.

> Respectfully submitted,
>
> **KEN PAXTON**
> Attorney General of Texas
>
> **JEFFREY C. MATEER**
> First Assistant Attorney General
>
> **BRANTLEY STARR**
> Deputy First Assistant Attorney General
>
> **JAMES E. DAVIS**
> Deputy Attorney General for Civil Litigation
>
> **LACEY E. MASE**
> Division Chief
> Law Enforcement Defense Division
>
> **J. LEE HANEY**
> Attorney-in-Charge
> Assistant Attorney General
> Texas Bar No. 00784203
> Southern District No. 18544
> Lee.haney@texasattorneygeneral.gov
>
> **SHANNA ELIZABETH MOLINARE**
> Assistant Attorney General
> Texas Bar No. 24041506
> Southern District No. 38632
> Shanna.Molinare@oag.texas.gov
>
> */s/ JENNIFER L. DANIEL*
> **JENNIFER DANIEL**
> Assistant Attorney General
> Texas Bar No. 24090063
> Southern District No. 2451063
> Jennifer.Daniel@oag.texas.gov
>
> **HEATHER RHEA**
> Assistant Attorney General
> Texas Bar No. 24085420
> Southern District No. 2399979
> Heather.Rhea@oag.texas.gov

P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080
(512) 936-2109 (Fax)

**ALVAREZ STAUFFER & BREMER, PLLC**

**GRAIG J. ALVAREZ**
State Bar No. 24001647
Southern District No. 22596

**KARA STAUFFER**
State Bar No. 24056373
Southern District No. 685342

1221 McKinney Street, Suite 3200
Houston, Texas 77010
(713) 654-1200
(713) 654-4039 (Fax)

**ATTORNEYS FOR DEFENDANTS THE UNIVERSITY OF TEXAS MEDICAL BRANCH AND DR. OWEN MURRAY**

## NOTICE OF ELECTRONIC FILING

I, **JENNIFER L. DANIEL**, Assistant Attorney General of Texas, certify that I have electronically submitted for filing a true and correct copy of the above and foregoing to the Court, on January 30, 2017, in the Southern District of Texas, Houston Division.

>*/s/ JENNIFER L. DANIEL*
>**JENNIFER L. DANIEL**
>Assistant Attorney General

## CERTIFICATE OF SERVICE

I, **JENNIFER L. DANIEL**, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing has been served on all counsel of record via electronic mail on January 30, 2017, as authorized by Fed. R. Civ. P. 5(b)(2) and in accordance with the electronic case filing procedures of the United States District Court for the Southern District of Texas.

*/s/ JENNIFER L. DANIEL*
**JENNIFER L. DANIEL**
Assistant Attorney General