IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ASHLEY ADAMS, Individually and as the Representative of the Estate of RODNEY GERALD ADAMS, and WANDA ADAMS, Individually, et al., *Plaintiffs,* v. BRAD LIVINGSTON, et al., *Defendants.* | § § § § § § § § § § | Civil Action No. 4:14-CV-03326 **Consolidated with** *Webb v. Livingston,* 4:14-CV-3302 *Togonidze v. Livingston,* 4:14-CV-3324 |

### UTMB'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' NOTICE OF DEPOSITION TO UNIVERSITY OF TEXAS MEDICAL BRANCH AT GALVESTON 30(b)(6) WITNESS

The University of Medical Branch at Galveston ("UTMB") provides its responses and objections to Plaintiffs' Notice of Rule 30(b)(6) deposition set by agreement for August 3, 2017 and August 9, 2017 (the "Notice") as follows:

1. Kenneth Wayne James, Douglas Hudson, and Rodney Adams's medical histories, including but not limited to the known risk that extreme heat posed to him;

**RESPONSE:** UTMB objects to this Rule 30(b)(6) topic in that it is vague, overbroad in both time and scope, unduly burdensome, and not reasonably limited as required under Rule 30(b)(6). UTMB cannot testify with respect to Mr. James, Mr. Hudson and Mr. Adams's medical histories prior to their incarceration in TDCJ. UTMB objects to the extent that the undefined term "extreme heat" renders this request vague or not reasonably limited to allow UTMB to identify a witness to testify as to same. Further, it assumes facts not in evidence to the extent this request implies that UTMB was aware of a specific "known" risk to Mr. James, Mr. Hudson, and/or Mr. Adams prior to his death.

Subject to and without waiving the foregoing objections, and to the extent the topic is reasonably limited or clarified and/or has been reasonably limited as the result of previous discussions among counsel, UTMB will produce a witness to testify on this topic on August 3, 2017.

1

2. The known effects of heat on Kenneth Wayne James, Douglas Hudson, and Rodney Adams;

**RESPONSE:** UTMB objects to this Rule 30(b)(6) topic in that it is vague, overbroad in both time and scope, unduly burdensome, and not reasonably limited as required under Rule 30(b)(6). UTMB cannot testify with respect to Mr. James, Mr. Hudson, and Mr. Adams's medical histories prior to their incarceration in TDCJ. UTMB objects to the extent that the undefined term "heat" renders this request vague or not reasonably limited to allow UTMB to identify a witness to testify as to same. Further, it assumes facts not in evidence to the extent this request implies that UTMB was aware of a specific "known" risk to Mr. James, Mr. Hudson, and/or Mr. Adams prior to his death.

Subject to and without waiving the foregoing objections, and to the extent the topic is reasonably limited or clarified and/or has been reasonably limited as the result of previous discussions among counsel, UTMB will produce a witness to testify on this topic on August 3, 2017.

3. The history of heat-related illness, including death, at the Gurney Unit, including but not limited to the name and circumstances for each inmate and employee UTMB had reason to believe suffered a heat-related illness at the Gurney Unit, from 1998 to present;

**RESPONSE:** UTMB objects to this Rule 30(b)(6) topic in that it is vague, overbroad in both time and scope, unduly burdensome, and not reasonably limited as required under Rule 30(b)(6). UTMB cannot testify with respect to the history, if any, of heat-related illness at Gurney as to TDCJ employees. UTMB began tracking heat-related illnesses of inmates in 2012. This topic is duplicative and cumulative to the extent UTMB has previously provided testimony on this topic in the *Webb* matter, and also produced documents reflecting reported heat-related illnesses from 2012-2016. UTMB objects to the extent that the phrase "had reason to believe" renders this request vague or not reasonably limited to allow UTMB to identify a witness to testify as to same. UTMB further objects to the extent this request is not reasonably calculated to lead to the discovery of admissible evidence relevant to any material issue in this case.

Subject to and without waiving the foregoing objections, and to the extent the topic is reasonably limited or clarified and/or has been reasonably limited as the result of previous discussions among counsel, UTMB will produce a witness to testify on this topic on August 3, 2017.

4. The process of investigating and reporting heat-related illness, including death, at the Gurney Unit from 1998 that has been:
    a. Used by TDCJ, to the best of UTMB's knowledge; and
    b. Used by UTMB;

**RESPONSE:** UTMB objects to this Rule 30(b)(6) topic in that it is vague, overbroad in both time and scope, unduly burdensome, and not reasonably limited as required under Rule 30(b)(6). UTMB cannot testify with respect to the history, if any, of heat-related illness at Gurney as to TDCJ employees. UTMB began tracking heat-related illnesses of inmates in 2012. This topic is duplicative and cumulative to the extent UTMB has previously provided testimony on this topic in the *Webb* matter, and also produced documents reflecting reported heat-related illnesses from 2012-2016. UTMB objects to the extent that the undefined term "process of investigating" renders this request vague or not reasonably limited to allow UTMB to identify a witness to testify as to same. UTMB further objects to the extent this request is not reasonably calculated to lead to the discovery of admissible evidence relevant to any material issue in this case.

Subject to and without waiving the foregoing objections, and to the extent the topic is reasonably limited or clarified and/or has been reasonably limited as the result of previous discussions among counsel, UTMB will produce a witness to testify on this topic, as to investigations and reporting processes utilized by UTMB, on August 3, 2017.

5. The process of investigating heat-related illness, including death, at the Gurney Unit at the time of Kenneth Wayne James, Douglas Hudson, and Rodney Adams's death;
    a. Used by TDCJ, to the best of UTMB's knowledge; and
    b. Used by UTMB;

**RESPONSE:** UTMB objects to this Rule 30(b)(6) topic in that it is vague, overbroad in both time and scope, unduly burdensome, and not reasonably limited as required under Rule 30(b)(6). UTMB began tracking heat-related illnesses of inmates in 2012. This topic is duplicative and cumulative to the extent UTMB has previously provided testimony on this topic in the *Webb* matter, and also produced documents reflecting reported heat-related illnesses from 2012-2016. UTMB objects to the extent that the undefined phrase "process of investigating" renders this request vague or not reasonably limited to allow UTMB to identify a witness to testify as to same.

Subject to and without waiving the foregoing objections, and to the extent the topic is reasonably limited or clarified and/or has been reasonably limited as the result of previous discussions among counsel, UTMB will produce a witness to testify on this

topic, as to investigations and reporting processes utilized by UTMB, on August 3, 2017.

6. The investigation of Kenneth Wayne James, Douglas Hudson, and Rodney Adams's death, including morbidity & mortality review, death review, quality of care review, peer review, and administrative review;

**RESPONSE:** UTMB objects to this Rule 30(b)(6) topic in that it is vague, overbroad in both time and scope, unduly burdensome, and not reasonably limited as required under Rule 30(b)(6). UTMB objects to the extent that the undefined term "investigation" renders this request vague or not reasonably limited to allow UTMB to identify a witness to testify as to same. UTMB further objects to the extent this request is rendered duplicative and cumulative as documents reflecting autopsies, morbidity & mortality reviews, death reviews, quality of care review, peer review, and administrative review, if any, as to these individuals have been previously produced.

Subject to and without waiving the foregoing objections, and to the extent the topic is reasonably limited or clarified and/or has been reasonably limited as the result of previous discussions among counsel, UTMB will produce a witness to testify on this topic on August 3, 2017. UTMB may also elect to further produce a witness to testify on this topic on August 9, 2017.

7. Any adoption of practices listed on TDCJ 83506 – TDCJ 83508 ("List of changes") at the Gurney Unit, if any, and the dates of adoption;
    a. Used by TDCJ, to the best of UTMB's knowledge; and
    b. Used by UTMB;

**RESPONSE:** UTMB objects to this Rule 30(b)(6) topic in that it is overbroad in both time and scope, unduly burdensome, and not reasonably limited as required under Rule 30(b)(6). UTMB further objects to the extent this request is not reasonably calculated to lead to the discovery of admissible evidence relevant to any material issue in this case. This topic is duplicative and cumulative to the extent UTMB has previously provided testimony on this topic in the *Webb* matter.

Subject to and without waiving the foregoing objections, and to the extent the topic is reasonably limited or clarified and/or has been reasonably limited as the result of previous discussions among counsel, UTMB will produce a witness to testify on this topic on August 3, 2017.

8. The nature and extent of application of each practice listed on TDCJ 83506 – TDCJ 83508 ("List of changes") at the Gurney Unit, if any;

**RESPONSE:** UTMB objects to this Rule 30(b)(6) topic in that it is overbroad in both time and scope, unduly burdensome, and not reasonably limited as required under Rule 30(b)(6). UTMB further objects to the extent this request is not reasonably calculated to lead to the discovery of admissible evidence relevant to any material issue in this case. This topic is duplicative and cumulative to the extent UTMB has previously provided testimony on this topic in the *Webb* matter.

Subject to and without waiving the foregoing objections, and to the extent the topic is reasonably limited or clarified and/or has been reasonably limited as the result of previous discussions among counsel, UTMB will produce a witness to testify on this topic on August 3, 2017.

9. The criteria for assignment to the Gurney Unit and other transfer units to the extent that UTMB has any involvement in assigning prisoners to transfer units;

**RESPONSE:** UTMB objects to this Rule 30(b)(6) topic in that it is vague, overbroad in both time and scope, unduly burdensome, and not reasonably limited as required under Rule 30(b)(6). UTMB objects to the extent that the undefined phrases "criteria for assignment" and "transfer units" render this request vague or not reasonably limited to allow UTMB to identify a witness to testify as to same.

Subject to and without waiving the foregoing objections, and to the extent the topic is reasonably limited or clarified and/or has been reasonably limited as the result of previous discussions among counsel, UTMB will produce a witness to testify on this topic on August 3, 2017.

10. The medical care provided to inmates at the Gurney Unit, including, but not limited to, initial triage assessments for newly arrived inmates, intake physicals, completion of the HSM-18 form, placement on any "wellness checklists" related to conditions identified in the CMHCC "Heat Stress" policy.

**RESPONSE:** UTMB objects to this Rule 30(b)(6) topic in that it is vague, overbroad in both time and scope, unduly burdensome, and not reasonably limited as required under Rule 30(b)(6). UTMB objects to the extent that the undefined phrases "initial triage assessments" and "newly arrived" render this request vague or not reasonably limited to allow UTMB to identify a witness to testify as to same. Additionally, this request is ambiguous and vague by failing to identify the Heat

5

Stress policy from which the "conditions" are taken, so as to allow UTMB to identify a witness to testify to same.

Subject to and without waiving the foregoing objections, and to the extent the topic is reasonably limited or clarified and/or has been reasonably limited as the result of previous discussions among counsel, UTMB will produce a witness to testify on this topic on August 3, 2017.

**11.** Medical care provided to Douglas Hudson during his incarceration at the Gurney Unit in 2011.

**RESPONSE:** UTMB objects to this Rule 30(b)(6) topic in that it is cumulative and overbroad in scope. UTMB is unable to provide Rule 30(b)(6) testimony beyond what is contained in the medical records of Douglas Hudson, previously produced in this case.

Subject to and without waiving the foregoing objections, and to the extent the topic is reasonably limited or clarified and/or has been reasonably limited as the result of previous discussions among counsel, UTMB will produce a witness to testify on this topic on August 3, 2017.

**12.** Medical care provided to Kenneth Wayne James during his incarceration at the Gurney Unit in 2011.

**RESPONSE:** UTMB objects to this Rule 30(b)(6) topic in that it is cumulative and overbroad in scope. UTMB is unable to provide Rule 30(b)(6) testimony beyond what is contained in the medical records of Kenneth Wayne James, previously produced in this case.

Subject to and without waiving the foregoing objections, and to the extent the topic is reasonably limited or clarified and/or has been reasonably limited as the result of previous discussions among counsel, UTMB will produce a witness to testify on this topic on August 3, 2017.

**13.** Medical care provided to Rodney Adams during his incarceration at the Gurney Unit in 2012.

**RESPONSE:** UTMB objects to this Rule 30(b)(6) topic in that it is cumulative and overbroad in scope. UTMB is unable to provide Rule 30(b)(6) testimony beyond what is contained in the medical records of Rodney Adams, previously produced in this case.

Subject to and without waiving the foregoing objections, and to the extent the topic is reasonably limited or clarified and/or has been reasonably limited as the result of previous discussions among counsel, UTMB will produce a witness to testify on this topic on August 3, 2017.

**14.** The decision-making process for Kenneth Wayne James, Douglas Hudson, and Rodney Adams's bunk (i.e. cell) assignment, including, but not limited to:
   **a.** Who made or could make the final decision;
   **b.** Who made or could make formal or informal recommendations; as well as
   **c.** Any possible alternative assignments, including but not limited to any bunk, cell, or dormitory with lower indoor temperatures;

**RESPONSE:** UTMB objects to this Rule 30(b)(6) topic in that it is vague, overbroad in both time and scope, unduly burdensome, and not reasonably limited as required under Rule 30(b)(6). UTMB further objects to the extent this topic is cumulative and duplicative as it was addressed in its responses to interrogatories served in this case and in Rule 30(b)(6) testimony in the *Webb* matter. UTMB objects to the extent that the undefined phrases "informal recommendations" and "any possible alternative assignments" render this request vague or not reasonably limited to allow UTMB to identify a witness to testify as to same.

Subject to and without waiving the foregoing objections, and to the extent the topic is reasonably limited or clarified and/or has been reasonably limited as the result of previous discussions among counsel, UTMB will produce a witness to testify on this topic on August 3, 2017.

**15.** The air-conditioned housing locations at the Gurney Unit in 2011 and 2012, including the total number of possible bunks, the number available to an inmate with Kenneth Wayne James, Douglas Hudson, and Rodney Adams's classification, and the location of each housing location;

**RESPONSE:** UTMB objects to this Rule 30(b)(6) topic in that it is overbroad in scope, unduly burdensome, and not reasonably limited as required under Rule 30(b)(6). UTMB further objects to the extent this topic is cumulative and duplicative as it was addressed in Rule 30(b)(6) testimony in the *Webb* matter.

Subject to and without waiving the foregoing objections, and to the extent the topic is reasonably limited or clarified and/or has been reasonably limited as the result of previous discussions among counsel, UTMB will produce a witness to testify on this topic on August 3, 2017.

**16.** The decision-making process for Kenneth Wayne James's facility assignment, including:

   a. who made or could make the final decision;
   b. who made or could make formal or informal recommendations; as well as
   c. any possible alternative assignments any possible alternative assignments, including but not limited to all housing areas with lower indoor temperatures where Kenneth Wayne James could have been housed from his first day in TDCJ custody until October 1, 2011;

**RESPONSE:** UTMB objects to this Rule 30(b)(6) topic in that it is overbroad in both time and scope, unduly burdensome, and not reasonably limited as required under Rule 30(b)(6). UTMB further objects to the extent this topic is cumulative and duplicative as it was addressed in its responses to interrogatories served in this case and in Rule 30(b)(6) testimony in the *Webb* matter. UTMB objects to the extent that the undefined phrases "informal recommendations" and "any possible alternative assignments" render this request vague or not reasonably limited to allow UTMB to identify a witness to testify as to same.

Subject to and without waiving the foregoing objections, and to the extent the topic is reasonably limited or clarified and/or has been reasonably limited as the result of previous discussions among counsel, UTMB will produce a witness to testify on this topic on August 3, 2017.

**17.** The decision-making process for Douglas Hudson's facility assignment, including:

   a. who made or could make the final decision;
   b. who made or could make formal or informal recommendations; as well as
   c. any possible alternative assignments any possible alternative assignments, including but not limited to all housing areas with lower indoor temperatures where Douglas Hudson could have been housed from his first day in TDCJ custody until October 1, 2011;

**RESPONSE:** UTMB objects to this Rule 30(b)(6) topic in that it is overbroad in both time and scope, unduly burdensome, and not reasonably limited as required under Rule 30(b)(6). UTMB further objects to the extent this topic is cumulative and duplicative as it was addressed in its responses to interrogatories served in this case and in Rule 30(b)(6) testimony in the *Webb* matter. UTMB objects to the extent that the undefined phrases "informal recommendations" and "any possible alternative

assignments" render this request vague or not reasonably limited to allow UTMB to identify a witness to testify as to same.

Subject to and without waiving the foregoing objections, and to the extent the topic is reasonably limited or clarified and/or has been reasonably limited as the result of previous discussions among counsel, UTMB will produce a witness to testify on this topic on August 3, 2017.

**18.** The decision-making process for Rodney Adams's facility assignment, including:
   **a.** who made or could make the final decision;
   **b.** who made or could make formal or informal recommendations; as well as
   **c.** any possible alternative assignments any possible alternative assignments, including but not limited to all housing areas with lower indoor temperatures where Rodney Adams could have been housed from his first day in TDCJ custody until October 1, 2012;

**RESPONSE:** UTMB objects to this Rule 30(b)(6) topic in that it is overbroad in both time and scope, unduly burdensome, and not reasonably limited as required under Rule 30(b)(6). UTMB further objects to the extent this topic is cumulative and duplicative as it was addressed in its responses to interrogatories served in this case and in Rule 30(b)(6) testimony in the *Webb* matter. UTMB objects to the extent that the undefined phrases "informal recommendations" and "any possible alternative assignments" render this request vague or not reasonably limited to allow UTMB to identify a witness to testify as to same.

Subject to and without waiving the foregoing objections, and to the extent the topic is reasonably limited or clarified and/or has been reasonably limited as the result of previous discussions among counsel, UTMB will produce a witness to testify on this topic on August 3, 2017.

**19.** The air-conditioned housing locations under UTMB's control at the time of Kenneth Wayne James, Douglas Hudson, and Rodney Adams's deaths, including the total number of bunks, the number available to an inmate with Kenneth Wayne James, Douglas Hudson, and Rodney Adams's classification, and the location of each;

**RESPONSE:** UTMB objects to this Rule 30(b)(6) topic in that it is overbroad in scope, unduly burdensome, and not reasonably limited as required under Rule 30(b)(6). UTMB further objects to the extent this topic is cumulative and duplicative as it was addressed in Rule 30(b)(6) testimony in the *Webb* matter.

9

Subject to and without waiving the foregoing objections, and to the extent the topic is reasonably limited or clarified and/or has been reasonably limited as the result of previous discussions among counsel, UTMB will produce a witness to testify on this topic on August 3, 2017.

**20.** Policies and practices concerning inmates prescribed any "Drugs Associated with Heat Stress" identified in any version of CMHCC's "Heat Stress" policy from 1998 to present;

**RESPONSE:** UTMB objects to this Rule 30(b)(6) topic in that it is vague, overbroad in both time and scope, unduly burdensome, and not reasonably limited as required under Rule 30(b)(6). UTMB objects to the extent that the undefined term "practices" render this request vague or not reasonably limited to allow UTMB to identify a witness to testify as to same.

Subject to and without waiving the foregoing objections, and to the extent the topic is reasonably limited or clarified and/or has been reasonably limited as the result of previous discussions among counsel, UTMB will produce a witness to testify on this topic on August 3, 2017.

**21.** The hours of operation of the infirmary at the Gurney Unit from 2008 to the present;

**RESPONSE:** UTMB objects to this Rule 30(b)(6) topic in that it is vague, overbroad in both time and scope, and not reasonably limited as required under Rule 30(b)(6).

Subject to and without waiving the foregoing objections, and to the extent the topic is reasonably limited or clarified and/or has been reasonably limited as the result of previous discussions among counsel, UTMB anticipates it will produce a witness to testify on this topic on August 9, 2017.

**22.** The procedure for inmates to seek medical attention at the Gurney Unit in 2011 and 2012, including, but not limited to, all procedures to be completed when an inmate is sent to the Gurney Unit infirmary at the direction of a correctional officer. This request specifically calls for information about what process (if any) should be completed when an officer refers a patient from a housing area to the infirmary, and the patient is capable of ambulating to the infirmary without assistance.

**RESPONSE:** UTMB objects to this Rule 30(b)(6) topic in that it is vague, overbroad in scope, unduly burdensome, and not reasonably limited as required under Rule 30(b)(6). UTMB objects to the extent that the undefined term "procedure(s)" and phrase "at the direction of a correctional officer" render this request vague or not reasonably limited to allow UTMB to identify a witness to testify as to same.

Subject to and without waiving the foregoing objections, and to the extent the topic is reasonably limited or clarified and/or has been reasonably limited as the result of previous discussions among counsel, UTMB anticipates producing a witness to testify on this topic on August 9, 2017.

23. Any discipline, re-education, or re-training of any UTMB employees as a result of the deaths of Douglas Hudson, Kenneth Wayne James, and/or Rodney Adams.

**RESPONSE:** UTMB objects to this Rule 30(b)(6) topic in that it is vague, overbroad in both time and scope, unduly burdensome, and not reasonably limited as required under Rule 30(b)(6). UTMB objects to the extent that the undefined phrase "discipline, re-education, or re-training" render this request vague or not reasonably limited to allow UTMB to identify a witness to testify as to same.

Subject to and without waiving the foregoing objections, and to the extent the topic is reasonably limited or clarified and/or has been reasonably limited as the result of previous discussions among counsel, UTMB anticipates it will produce a witness to testify on this topic on August 9, 2017.

24. Staffing patterns of the infirmary at the Gurney Unit in 2011 and 2012, including, but not limited to, the hours of operation of the infirmary, the identities of each UTMB employee who worked at the Gurney Unit in July and August 2011 and August 2012, the supervision structure for UTMB employees at the Gurney Unit, and the use of the Beto Unit infirmary to provide care for patients at the Gurney Unit.

**RESPONSE:** UTMB objects to this Rule 30(b)(6) topic in that it is vague, overbroad in scope, unduly burdensome, and not reasonably limited as required under Rule 30(b)(6). UTMB objects to the extent that the undefined phrase "staffing patterns" renders this request vague or not reasonably limited to allow UTMB to identify a witness to testify as to same.

Subject to and without waiving the foregoing objections, and to the extent the topic is reasonably limited or clarified and/or has been reasonably limited as the result of

previous discussions among counsel, UTMB anticipates it will produce a witness to testify on this topic on August 9, 2017.

**25.** Policies, practices, and procedures for calling EMS in 2011 and 2012 at the Gurney and Beto Units.

**RESPONSE:** UTMB objects to this Rule 30(b)(6) topic in that it is overbroad in scope, unduly burdensome, and not reasonably limited as required under Rule 30(b)(6). UTMB objects to the extent that the undefined phrase "staffing patterns" renders this request vague or not reasonably limited to allow UTMB to identify a witness to testify as to same.

Subject to and without waiving the foregoing objections, and to the extent the topic is reasonably limited or clarified and/or has been reasonably limited as the result of previous discussions among counsel, UTMB anticipates it will produce a witness to testify on this topic on August 9, 2017.

****************************************************

UTMB responds and objects to the Subpoena Duces Tecum, which is Exhibit B to the Notice, as follows:

**1.** All documents you intend to rely upon or use as a basis for your testimony in this deposition.

**RESPONSE:** UTMB objects to the extent his request is overbroad and unduly burdensome in seeking to discover "all documents" that may be relied on or used as a basis for testimony in this case. UTMB cannot identify "all documents" that its 30(b)(6) witness may have reviewed in the course and scope of her job duties that may relate to topics addressed during this deposition. This request is not reasonably limited in time or scope and is vague. Defendants assert the attorney-client privilege and work product protection to the extent this request seeks the identity of documents or communications that may have been reviewed and/or discussed with counsel in preparation for this deposition.

Subject to and without waiving the foregoing objections, any documents reviewed by UTMB's 30(b)(6) witness scheduled for August 3, 2017, including medical records (ADAMS – Adams 001-004; ADAMS – Adams 006-151; HUDSON 001-567; HUDSON 568-597; HUDSON 598-601; ADAMS – James 001-046; ADAMS – James 048-188), CMHCC, UTMB, and/or TDCJ policies and procedures, emails and other documents, have been previously produced, or are produced with these responses.

**2.** All documents reviewed by you or furnished to you for review in connection with this case.

**RESPONSE:** UTMB objects to the extent this request is overbroad and unduly burdensome in seeking to discover "all documents" that may have been reviewed by its 30(b)(6) witnesses in this case. UTMB cannot identify "all documents" that its 30(b)(6) witness may have reviewed in the course and scope of her job duties that may relate to topics addressed during this deposition. This request is not reasonably limited in time or scope and is vague. UTMB further objects that this request is not proportional to the discovery needs of the case. UTMB asserts the attorney-client privilege and work product protection to the extent this request seeks the identity of documents or communications that may have been reviewed and/or discussed with counsel in preparation for this deposition. Further, although Glenda Adams, M.D., has been designated as an expert by UTMB in this case, she is appearing on August 3, 2017 as the corporate representative of UTMB, and not in her capacity as an expert witness. Therefore, UTMB objects to the extent this request calls for disclosures pursuant to Federal Rule 26(a)(2).

Subject to and without waiving the foregoing objections, any documents reviewed by UTMB's 30(b)(6) witness scheduled for August 3, 2017, including medical records (ADAMS – Adams 001-004; ADAMS – Adams 006-151; HUDSON 001-567; HUDSON 568-597; HUDSON 598-601; ADAMS – James 001-046; ADAMS – James 048-188)), CMHCC, UTMB, and/or TDCJ policies and procedures, emails and other documents, have been previously produced, or are produced with these responses.

**3.** All documents you reviewed in preparation for your deposition:

**RESPONSE:** UTMB objects to the extent this request is overbroad and unduly burdensome in seeking to discover "all documents" that may have been reviewed by its 30(b)(6) witnesses in this case. UTMB cannot identify "all documents" that its 30(b)(6) witness may have reviewed in the course and scope of her job duties that may relate to topics addressed during this deposition. This request is not reasonably limited in time or scope and is vague. UTMB further objects that this request is not proportional to the discovery needs of the case. UTMB asserts the attorney-client privilege and work product protection to the extent this request seeks the identity of documents or communications that may have been reviewed and/or discussed with counsel in preparation for this deposition.

Subject to and without waiving the foregoing objections, any documents reviewed by UTMB's 30(b)(6) witness scheduled for August 3, 2017, including medical records (ADAMS – Adams 001-004; ADAMS – Adams 006-151; HUDSON 001-567; HUDSON 568-597; HUDSON 598-601; ADAMS – James 001-046; ADAMS – James 048-188,

CMHCC, UTMB, and/or TDCJ policies and procedures, emails and other documents, have been previously produced, or are produced with these responses.

4. Your most recent curriculum vitae.

**RESPONSE:** See the curriculum vitae of Glenda M. Adams, M.D., attached.

5. A document reflecting your current job description, if such a document exists.

**RESPONSE:** None available for Glenda M. Adams, M.D.

    Respectfully submitted.

**KEN PAXTON**
Attorney General of Texas

**JEFFREY C. MATEER**
First Assistant Attorney General

**BRANTLEY STARR**
Deputy First Assistant Attorney General

**JAMES E. DAVIS**
Deputy Attorney General for Civil Litigation

**LACEY E. MASE**
Division Chief
Law Enforcement Defense Division

/s/ J. Lee Haney
**J. LEE HANEY**
Attorney-in-Charge
Assistant Attorney General
Texas Bar No. 00784203
Federal I.D. No. 18544
lee.haney@oag.texas.gov

**HEATHER RHEA**
Assistant Attorney General
Texas Bar No. 24085420
Federal I.D. No. 2399979

**SHANNA ELIZABETH MOLINARE**
Assistant Attorney General
Texas Bar No. 24041506
Federal I.D. No. 38632

**COURTNEY BROOKE CORBELLO**
Assistant Attorney General
Texas Bar No. 24097533
Federal I.D. No. 3089117

**OFFICE OF THE ATTORNEY GENERAL**
P. O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080
(512) 936-2109 Fax

**GRAIG J. ALVAREZ**
State Bar No. 06934340
Federal I.D. No. 22596
Graig.Alvarez@asb.legal

**KARA STAUFFER**
State Bar No. 24001647
Federal I.D. No. 685342
Kara.Stauffer@asb.legal

**ALVAREZ STAUFFER BREMER**
815 Walker Street, Suite 1450
Houston TX 77002
(713) 351-0300
(713) 351-0320 Fax

**ATTORNEYS FOR DEFENDANTS THE UNIVERSITY OF TEXAS MEDICAL BRANCH, DR. MURRAY, DR. OLIVER, BETTS, FIELDS, WASHINGTON, AND MCKNIGHT**

**NOTICE OF ELECTRONIC FILING**

I, J. Lee Haney, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing, a correct copy of the foregoing in accordance with the Electronic Case File System of the Southern District of Texas, on August 2, 2017.

        /s/ J. Lee Haney
        **J. Lee Haney**
        Assistant Attorney General

**CERTIFICATE OF SERVICE**

I, J. Lee Haney, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing has been served on all counsel of record via electronic mail on August 2, 2017, as authorized by Fed. R. Civ. P. 5(b)(2) in accordance with the electronic case filing procedures of the United States District Court for the Southern District of Texas.

        /s/ J. Lee Haney
        **J. Lee Haney**
        Assistant Attorney General