IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ASHLEY ADAMS, Individually and as the Representative of the Estate of RODNEY GERALD ADAMS, and WANDA ADAMS, Individually, et al., *Plaintiffs,* v. BRAD LIVINGSTON, et al., *Defendants.* | § § § § § § § § § § § | Civil Action No. 4:14-CV-03326 **Consolidated with** *Webb v. Livingston,* 4:14-CV-3302 *Togonidze v. Livingston,* 4:14-CV-3324 |

### UTMB'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' NOTICE OF DEPOSITION TO UNIVERSITY OF TEXAS MEDICAL BRANCH AT GALVESTON 30(b)(6) WITNESS

The University of Medical Branch at Galveston ("UTMB") provides its responses and objections to Plaintiffs' Notice of Rule 30(b)(6) deposition set by agreement for August 9, 2017 (the "Notice") as follows:

**6.** The investigation of Kenneth Wayne James, Douglas Hudson, and Rodney Adams's death, including morbidity & mortality review, death review, quality of care review, peer review, and administrative review;

**RESPONSE:** UTMB objects to this Rule 30(b)(6) topic in that it is vague, overbroad in both time and scope, unduly burdensome, and not reasonably limited as required under Rule 30(b)(6). UTMB objects to the extent that the undefined term "investigation" renders this request vague or not reasonably limited to allow UTMB to identify a witness to testify as to same. UTMB further objects to the extent this request is rendered duplicative and cumulative as documents reflecting autopsies, morbidity & mortality reviews, death reviews, quality of care review, peer review, and administrative review, if any, as to these individuals have been previously produced.

Subject to and without waiving the foregoing objections, and to the extent the topic is reasonably limited or clarified and/or has been reasonably limited as the result of previous discussions among counsel, UTMB previously produced a witness to testify

on this topic on August 3, 2017.  UTMB will further produce a witness to testify on this topic limited to investigations of nursing care, if any, on August 9, 2017.

21. The hours of operation of the infirmary at the Gurney Unit from 2008 to the present;

**RESPONSE:** UTMB objects to this Rule 30(b)(6) topic in that it is vague, overbroad in both time and scope, and not reasonably limited as required under Rule 30(b)(6). UTMB further objects to the extent this request is rendered duplicative and cumulative as the witness will essentially be reciting the contents of documents that are responsive to this request, and documents reflecting the hours of healthcare services for the Gurney Unit have been previously produced or are produced with the subpoena responses below.

Subject to and without waiving the foregoing objections, and to the extent the topic is reasonably limited or clarified and/or has been reasonably limited as the result of previous discussions among counsel, UTMB will produce a witness to testify on this topic on August 9, 2017.

22. The procedure for inmates to seek medical attention at the Gurney Unit in 2011 and 2012, including, but not limited to, all procedures to be completed when an inmate is sent to the Gurney Unit infirmary at the direction of a correctional officer. This request specifically calls for information about what process (if any) should be completed when an officer refers a patient from a housing area to the infirmary, and the patient is capable of ambulating to the infirmary without assistance.

**RESPONSE:** UTMB objects to this Rule 30(b)(6) topic in that it is vague, overbroad in scope, unduly burdensome, and not reasonably limited as required under Rule 30(b)(6). UTMB objects to the extent that the undefined term "procedure(s)" and phrase "at the direction of a correctional officer" render this request vague or not reasonably limited to allow UTMB to identify a witness to testify as to same. UTMB further objects to the extent this request is rendered duplicative and cumulative as a result of plaintiffs' questioning of UTMB's witness on August 3, 2017 as relates to this topic.

Subject to and without waiving the foregoing objections, and to the extent the topic is reasonably limited or clarified and/or has been reasonably limited as the result of previous discussions among counsel, UTMB will produce a witness to testify on this topic on August 9, 2017.

23. Any discipline, re-education, or re-training of any UTMB employees as a result of the deaths of Douglas Hudson, Kenneth Wayne James, and/or Rodney Adams.

**RESPONSE:** UTMB objects to this Rule 30(b)(6) topic in that it is vague, overbroad in both time and scope, unduly burdensome, and not reasonably limited as required under Rule 30(b)(6). UTMB objects to the extent that the undefined phrase "discipline, re-education, or re-training" render this request vague or not reasonably limited to allow UTMB to identify a witness to testify as to same. UTMB further objects to the extent this request is rendered duplicative and cumulative as a result of plaintiffs' questioning of UTMB's witness on August 3, 2017 as relates to this topic.

Subject to and without waiving the foregoing objections, and to the extent the topic is reasonably limited or clarified and/or has been reasonably limited as the result of previous discussions among counsel, UTMB will produce a witness to testify on this topic on August 9, 2017.

24. Staffing patterns of the infirmary at the Gurney Unit in 2011 and 2012, including, but not limited to, the hours of operation of the infirmary, the identities of each UTMB employee who worked at the Gurney Unit in July and August 2011 and August 2012, the supervision structure for UTMB employees at the Gurney Unit, and the use of the Beto Unit infirmary to provide care for patients at the Gurney Unit.

**RESPONSE:** UTMB objects to this Rule 30(b)(6) topic in that it is vague, overbroad in scope, unduly burdensome, and not reasonably limited as required under Rule 30(b)(6). UTMB objects to the extent that the undefined phrase "staffing patterns" renders this request vague or not reasonably limited to allow UTMB to identify a witness to testify as to same. UTMB further objects to the extent this request is rendered duplicative and cumulative as a result of plaintiffs' questioning of UTMB's witness on August 3, 2017 as relates to this topic.

Subject to and without waiving the foregoing objections, and to the extent the topic is reasonably limited or clarified and/or has been reasonably limited as the result of previous discussions among counsel, UTMB will produce a witness to testify on this topic on August 9, 2017.

25. Policies, practices, and procedures for calling EMS in 2011 and 2012 at the Gurney and Beto Units.

**RESPONSE:** UTMB objects to this Rule 30(b)(6) topic in that it is overbroad in scope, unduly burdensome, and not reasonably limited as required under Rule

30(b)(6). UTMB objects to the extent that the undefined phrase "staffing patterns" renders this request vague or not reasonably limited to allow UTMB to identify a witness to testify as to same. UTMB further objects to the extent this request is rendered duplicative and cumulative as a result of plaintiffs' questioning of UTMB's witness on August 3, 2017 as relates to this topic.

Subject to and without waiving the foregoing objections, and to the extent the topic is reasonably limited or clarified and/or has been reasonably limited as the result of previous discussions among counsel, UTMB will produce a witness to testify on this topic on August 9, 2017.

*****************************************************

UTMB responds and objects to the Subpoena Duces Tecum, which is Exhibit B to the Notice, as follows:

***General Objection***: UTMB objects to the definition of "you" contained in the Subpoena. The definition is overly broad and unduly burdensome to the extent it attempts to require the Rule 30(b)(6) witness to produce documents of any staff, individuals, and/or entities working at or under their direction during any time such witness has been employed by UTMB.

1. All documents you intend to rely upon or use as a basis for your testimony in this deposition.

**RESPONSE:** UTMB objects to the extent this request is overbroad and unduly burdensome in seeking to discover "all documents" that may be relied on or used as a basis for testimony in this case. UTMB cannot identify "all documents" that its 30(b)(6) witness may have reviewed in the course and scope of her job duties that may relate to topics addressed during this deposition. This request is not reasonably limited in time or scope and is vague. Defendants assert the attorney-client privilege and work product protection to the extent this request seeks the identity of documents or communications that may have been reviewed and/or discussed with counsel in preparation for this deposition.

Subject to and without waiving the foregoing objections, documents reviewed by UTMB's 30(b)(6) witness scheduled for August 9, 2017, including excerpts of medical records, CMHCC, UTMB, and/or TDCJ policies and procedures, emails and other documents, have been previously produced, or are produced with these responses.

4

    **2.** All documents reviewed by you or furnished to you for review in connection with this case.

  **RESPONSE:** UTMB objects to the extent this request is overbroad and unduly burdensome in seeking to discover "all documents" that may have been reviewed by its 30(b)(6) witnesses in this case. UTMB cannot identify "all documents" that its 30(b)(6) witness may have reviewed in the course and scope of her job duties that may relate to topics addressed during this deposition. This request is not reasonably limited in time or scope and is vague. UTMB further objects that this request is not proportional to the discovery needs of the case. UTMB asserts the attorney-client privilege and work product protection to the extent this request seeks the identity of documents or communications that may have been reviewed and/or discussed with counsel in preparation for this deposition.

  Subject to and without waiving the foregoing objections, documents reviewed by UTMB's 30(b)(6) witness scheduled for August 9, 2017, including excerpts of medical records, CMHCC, UTMB, and/or TDCJ policies and procedures, emails and other documents, have been previously produced, or are produced with these responses.

    **3.** All documents you reviewed in preparation for your deposition:

  **RESPONSE:** UTMB objects to the extent this request is overbroad and unduly burdensome in seeking to discover "all documents" that may have been reviewed by its 30(b)(6) witnesses in this case. UTMB cannot identify "all documents" that its 30(b)(6) witness may have reviewed in the course and scope of her job duties that may relate to topics addressed during this deposition. This request is not reasonably limited in time or scope and is vague. UTMB further objects that this request is not proportional to the discovery needs of the case. UTMB asserts the attorney-client privilege and work product protection to the extent this request seeks the identity of documents or communications that may have been reviewed and/or discussed with counsel in preparation for this deposition.

  Subject to and without waiving the foregoing objections, documents reviewed by UTMB's 30(b)(6) witness scheduled for August 9, 2017, including excerpts of medical records, CMHCC, UTMB, and/or TDCJ policies and procedures, emails and other documents, have been previously produced, or are produced with these responses.

    **4.** Your most recent curriculum vitae.

  **RESPONSE:** See the curriculum vitae of Denee' Robison, attached.

**5.** A document reflecting your current job description, if such a document exists.

**RESPONSE:** See attached.

           Respectfully submitted.

           **KEN PAXTON**
           Attorney General of Texas

           **JEFFREY C. MATEER**
           First Assistant Attorney General

           **BRANTLEY STARR**
           Deputy First Assistant Attorney General

           **JAMES E. DAVIS**
           Deputy Attorney General for Civil Litigation

           **LACEY E. MASE**
           Division Chief
           Law Enforcement Defense Division

           /s/ J. Lee Haney
           **J. LEE HANEY**
           Attorney-in-Charge
           Assistant Attorney General
           Texas Bar No. 00784203
           Federal I.D. No. 18544
           lee.haney@oag.texas.gov

           **HEATHER RHEA**
           Assistant Attorney General
           Texas Bar No. 24085420
           Federal I.D. No. 2399979

           **SHANNA ELIZABETH MOLINARE**
           Assistant Attorney General
           Texas Bar No. 24041506
           Federal I.D. No. 38632

           **COURTNEY BROOKE CORBELLO**
           Assistant Attorney General
           Texas Bar No. 24097533
           Federal I.D. No. 3089117

**OFFICE OF THE ATTORNEY GENERAL**
P. O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2080
(512) 936-2109 Fax

**GRAIG J. ALVAREZ**
State Bar No. 06934340
Federal I.D. No. 22596
Graig.Alvarez@asb.legal

**KARA STAUFFER**
State Bar No. 24001647
Federal I.D. No. 685342
Kara.Stauffer@asb.legal

**ALVAREZ STAUFFER BREMER**
815 Walker Street, Suite 1450
Houston TX 77002
(713) 351-0300
(713) 351-0320 Fax

**ATTORNEYS FOR DEFENDANTS THE UNIVERSITY OF TEXAS MEDICAL BRANCH, DR. MURRAY, DR. OLIVER, BETTS, FIELDS, WASHINGTON, AND MCKNIGHT**

## NOTICE OF ELECTRONIC FILING

I, J. LEE HANEY, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing, a correct copy of the foregoing in accordance with the Electronic Case File System of the Southern District of Texas, on August 8, 2017.

/s/ J. Lee Haney
**J. LEE HANEY**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, J. LEE HANEY, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing has been served on all counsel of record via electronic mail on August 8, 2017, as authorized by Fed. R. Civ. P. 5(b)(2) in accordance with the electronic case filing procedures of the United States District Court for the Southern District of Texas.

/s/ J. Lee Haney
**J. LEE HANEY**
Assistant Attorney General